LENA KUNTSCH, Respondent, v. CITY OF NEW HAVEN, Appellant.

St. Louis Court of Appeals, February 13, 1900.

1. **Personal Injuries:** SUIT OF NEW HAVEN: NOTICE OF DEFECT IN SIDEWALK. Although the officers of the city had no actual knowledge that the particular plank that caused the injury was loose, yet it was competent for plaintiff to prove the general bad condition of the walk, and that there were loose planks in different portions of it.

2. ———: ———: NOTICE PRESUMABLE: INSPECTION, NECESSARY. Proof that planks in different portions thereof were loose, and that its general condition was bad, and had been for months, was competent to show that the entire walk ought to have been inspected and repaired, and that its bad condition was, or by ordinary care could have been known to the officers of the city, and that proper inspection would have revealed the particular defect that caused plaintiff's injuries.

3. ———: ———: ———: ———: INSTRUCTION. Plaintiff's first instruction sufficiently confined the jury's attention to the condition of the sidewalk at the particular place of the accident; and further, that it was proper in the case at bar, for the jury to consider whether the walk had been properly constructed out of reasonably safe material.

Appeal from the Franklin Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

AFFIRMED.

*J. C. Kiskaddon* and *James Booth* for appellant.

(1) The plaintiff, in her testimony having located the exact spot on the sidewalk where she received her alleged injury, the court erred in permitting her to introduce evidence, over the objection of defendant, that at times previous to the accident loose planks had been seen in the sidewalk on Wall street at some distance from that spot; to introduce in evidence

a short board taken from the sidewalk at some distance from said spot and which plaintiff testified had nothing to do with her alleged injury; and to exhibit to the jury decayed stringers taken from the sidewalk nearly a year after the alleged accident and at a distance from the spot where it occurred. None of these defects in any way contributed to plaintiff's alleged injury, and such testimony had a tendency to mislead the jury. Bowles v. Kansas City, 51 Mo. App. 421; Kenney v. Railroad, 70 Mo. 251; Hipsley v. Railroad, 88 Mo. 354. (2) The first instruction given at the instance of plaintiff is erroneous. It does not confine the jury to the consideration of the condition of the sidewalk at the point where the alleged injury occurred, but permits them, if it does not substantially tell them, to consider the condition of the whole sidewalk from end to end. (3) The court erred in refusing to give instruction number 16, asked by defendant, and in giving of its own motion in lieu thereof instruction number 6, for the reason that the instruction as asked by defendant confined the attention of the jury to the condition of the sidewalk at the point where the alleged injury occurred, while the instruction as given by the court permitted the jury to consider the condition of the whole sidewalk from end to end. Instruction number 16 ought also to have been given because it submitted to the jury the question of the safety of the sidewalk, although it might be out of repair, while instruction number 6 instructed them as a matter of law that if out of repair it was unsafe. For the same reason instruction number 20 asked by defendant ought to have been given. Salmon v. Trenton, 21 Mo. App. 185; Staples v. Canton, 69 Mo. 592; Craig v. Sedalia, 63 Mo. 417; Young v. Kansas City, 45 Mo. App. 601. The plaintiff having located the exact spot on the sidewalk at which she received her injury, there was no evidence that at that point the sidewalk had ever been out of repair. There was therefore no evidence upon which the issue of notice to the defend-

ant could be submitted to the jury, and the court erred in so submitting it. Yocum v. Trenton, 20 Mo. App. 489; Schweikardt v. St. Louis, 2 Mo. App. 571; Smith v. St. Joseph, 42 Mo. App. 392; Carrington v. St. Louis, 89 Mo. 208; Bonine v. Richmond, 75 Mo. 437.

*John W. Booth* and *Jesse H. Schaper* for respondent.

(1) On the trial, counsel for defendant undertook to locate the exact spot on the sidewalk at which the accident and injury to plaintiff occurred. This was clearly done with intent to obstruct the introduction in evidence on the part of plaintiff of testimony competent and proper to show the condition of the sidewalk at and before the injury and to charge defendant with notice thereof. The idea that the court erred in permitting plaintiff to introduce evidence of the condition of the sidewalk except at the exact spot at which plaintiff was injured is practically all that is here urged by appellant as ground for reversal of the judgment. (2) If that is the law, then as the plaintiff was injured by reason of a single loose plank in the sidewalk it was incumbent on her to show the facts as to that plank and in showing such facts she was not entitled to introduce any evidence except evidence going directly to that plank. (3) The cases relied on by appellant as supporting that proposition are Bowles v. Kansas City, 51 Mo. App. 421; Kenney v. Railroad, 70 Mo. 251; Hipsley v. Railroad, 88 Mo. 354 do not give it any support whatever. In Bowles v. Kansas City, the statement of facts is not very full, but the court says, "Over the objections of the appealing city the plaintiff was permitted to introduce the testimony of several witnesses as to the condition of the sidewalk in front of a number of vacant lots on the west side of Campbell street, between Seventh and Eighth streets at and subsequent to the date of the injury. The testimony should have been con-

fined to the sidewalk at the place of and immediate vicinity of the accident, for the manifest reason that the defendant city can not be charged with notice of the defect in the sidewalk when and where the injury occurred, by evidence showing defects in other parts of such sidewalk at that time or subsequently thereto." (4) In the case at bar it was incumbent on the plaintiff not only to show that the sidewalk was defective, but also to bring home to the defendant notice of that defect, and in determining what evidence is proper to establish such notice, the remark made in the case of Maus v. Springfield, 101 Mo. 617, that "The circumstances of each case must be considered with reference to the nature of the defect in question," is applicable. (5) Here the injury occurred on a short section of a board sidewalk which as an entirety was all put down at the same time by the same person in the same manner and of the same material, and which was all subject to the same use and from the same causes fell into a general dilapidated and unsafe condition. Proof of the general condition of said section of the sidewalk was therefore the natural and proper proof to fix upon defendant notice of that defective condition of the sidewalk which resulted in the injury to plaintiff. (6) On this general principle the case of Keithley v. Railroad, 28 Mo. App. 657, is directly against the position here taken by appellant. (7) It was not necessary that defendant should have proved that the defect in the sidewalk was of such a character as to attract the attention of passers-by. "It is the duty of the city and not of passers-by to notice defects in streets and sidewalks and repair them. It does not follow, because the defect is not of a character necessarily to attract the attention of passers-by, that the city, by the exercise of due care would not have discovered it." Squires v. Chillicothe, 89 Mo. 226; Russell v. Columbia, 74 Mo. 480; Bonine v. Richmond, 75 Mo. 440. This case is substantially on all fours with the case of Chilton v. City, 143 Mo. 192.

BIGGS, J.—This is an action for personal injuries. The defendant is a city of the fourth class. The plaintiff fell on a sidewalk in said city and sustained serious injuries. She claims that the accident resulted from a defect in the sidewalk, of which the officers of the defendant had notice, or, if they had exercised ordinary care, might have had notice. The charges in the petition were, that the walk was improperly constructed, in that the planks extended about one foot over the sides of the stringers upon which they were nailed, and that the weight of an ordinary person on the outer edge of a plank would probably break it from its fastenings on the opposite side, especially after the planks had become old or the stringers somewhat decayed. It was averred that the particular sidewalk was generally out of repair and unsafe for travel; that some of the planks were loose; that all of them were warped and did not rest firmly on the stringers, and that the walk had been in this condition for several months prior to the time the plaintiff was injured. The petition described the accident as follows: "And plaintiff alleges that on said twelfth day of May, 1897, plaintiff and another person lawfully walking together on and along Wall street of said city were at that time and place walking along and upon the said defective sidewalk forming a part of said Wall street, and at a point thereon on the south side of said street and immediately in front of the lot or parcel of ground then occupied by Mrs. Scammel fronting on said Wall street, the person walking with plaintiff stepped on an end of one of the planks of said sidewalk, and his weight pressing on the end of the plank on which he stepped, threw up the other end of the plank immediately in front of plaintiff, and thereby unexpectedly made in the sidewalk a hole of the depth of some four or five inches in the sidewalk, and an obstruction to further ordinary walking over and upon the sidewalk, all immediately in front

of plaintiff and so close to her that she had neither time nor opportunity to avoid being injured thereby."

The answer denied the allegations of the petition, except that the defendant was a city of the fourth class, and that it had control of the sidewalk and street upon which plaintiff was injured.

The jury returned a verdict for eight hundred dollars. The defendant appeals from the judgment thereon.

The plaintiff's testimony fully sustains the charge in the petition as to the circumstances attending the accident and its cause. According to her testimony, the person walking beside her stepped on the outer edge of a loose plank, which displaced it in front of her, and that she stepped with her left foot into the aperture left by the plank, which caused her to stumble and fall.

The plaintiff's evidence fully supports the finding of the jury that her injuries were caused by a defect in the sidewalk, and that the accident occurred through no fault of hers, hence the other testimony relied on by defendant which tended to prove that the plaintiff's injuries were purely accidental, can not be considered by us. As to these questions we are concluded by the finding of the jury.

The matters presented for review are whether the jury was properly instructed, and whether the court admitted incompetent or irrelevant testimony in determining the question of notice on the part of defendant's officers of the particular defect in the walk. On the question of notice the defendant complains of the action of the circuit court in permitting the plaintiff to prove the generally bad condition of the sidewalk (which the evidence tends to prove was about one hundred and twenty feet in length), and to exhibit to the jury a defective board, which was taken from the sidewalk some distance from the place of the accident, and also some decayed stringers taken from the sidewalk nearly a year after the accident.

These matters constitute the first assignment of error.   There was no direct proof that the officers of the defendant had actual knowledge that the particular plank that caused the injury was loose, but for the purpose of proving that they ought to have made an inspection of the walk, it was competent for the plaintiff to prove its generally bad condition, and that there were loose planks in different portions of the walk.   Marler v. Springfield, 65 Mo. App. 307.   It would have been error to confine the inquiry to the immediate vicinity of the accident, for it was shown that the entire sidewalk was constructed at the same time, according to the same plan and of the same materials; therefore proof that planks in different portions of the walk were loose and that the general condition of the sidewalk was bad and had been for months, was competent to show that the entire sidewalk was in need of inspection and repair, and that the officers of the defendant knew of this, from which the inference could be drawn that had the inspection taken place the particular defect that caused the plaintiff's injuries would have been discovered.

The defendant is in no position to complain of the action of the court in reference to the plank that counsel claim was exhibited to the jury.   The record shows that the plank was offered in evidence by the plaintiff; that the defendant objected and that the objection was overruled, but it does not show that the plank was actually exhibited to the jury.

Concerning the objection that certain portions of decayed stringers (taken from the sidewalk about a year after the accident) were exhibited to the jury, it is sufficient to say that the record shows that the evidence was received without objection.   We will therefore overrule all objections and exceptions as to the admission of evidence.

It is claimed that the plaintiff's first instruction failed to confine the attention of the jury to the condition of the sidewalk at the particular place of the accident, and further it

erroneously authorized a recovery if the accident occurred by reason of the faulty construction of the walk. The first objection is not well founded in fact. The instruction reads, to wit: "Or, if they believe from the evidence that the sidewalk at the time and place when and where plaintiff claims to have been injured was out of repair and unsafe for travel, etc."

Neither is there any merit in the second objection. The general rule is that the officers of municipal corporations in determining plans for public works act judicially, and a private action will not lie for error in judgment in that respect. Jordan v. City of Hannibal, 87 Mo. loc. cit. 676. But we do not think the rule is applicable to the building of an ordinary sidewalk. Such an improvement is a very simple matter. This view was adopted in the Jordan case, *supra,* where it was charged that the abutments of a bridge were negligently planned and constructed.

The court committed no error in refusing the sixteenth instruction asked by the defendant, for the reason that a like instruction was given by the court on its own motion.

Finding no error in the record the judgment of the circuit court will be affirmed. All concur.