## THOMPSON, Respondent, v. CITY OF POPLAR BLUFF, Appellant.

### St. Louis Court of Appeals, April 16, 1907.

1. DAMAGES: Personal Injuries: Excessive Verdict. In an action for damages for an injury to plaintiff's knee, where the evidence showed that a doctor called to see the plaintiff two or three times and treated his knee, that it was swollen, that plaintiff suffered a great deal of pain for eight or ten days, that he had been unnable to work since the accident, that he was earning $16 a month prior to the accident and his board, a verdict for $500 was not excessive.

2. MUNICIPAL CORPORATIONS: Practice: Evidence: Opinion of Witness. In an action for injuries received by plaintiff in a fall upon a defective sidewalk of the defendant city; a witness was permitted to state that the sidewalk had never been good, but went on to describe the particular defects in the walk, the admission of the opinion of the witness as to the condition of the sidewalk was not error where the defendant did not move to exclude the statement and where the record shows the court had previously in the trial stricken out a like statement by the witness.

3. ———: ———: ———: Sidewalks: Notice. It was not error in such case to permit a witness to state that the planks of the walk were "all loose and floating" long previous to the accident, where the witness further stated that there were loose boards in the walk at the time of the accident; the testimony tended to show the walk had been in bad order a period sufficient to charge the defendant with notice.

4. ———: ———: **Instruction: Dangerous Condition of Sidewalk.** In such case where an instruction for plaintiff required the jury to find that the walk was in a dangerous condition for traveling, and an instruction for the defendant told the jury the defendant was bound to exercise only reasonable care to keep the walk safe, this sufficiently covered the issue and was a sufficient requirement that the jury should find the walk was not in a reasonably safe condition in order to find for plaintiff.

Appeal from Butler Circuit Court.—*Hon. Jesse C. Sheppard,* Judge.

AFFIRMED.

*Phillips & Phillips* for appellant.

(1)   The testimony of the witness Charles Baldwin, to the effect that the general condition of the sidewalk in question "has never been good," and which was admitted over objection of counsel for the defendant, was too general in character, and should have been excluded by the court on the ground that it was too general and the expression of the opinion of the witness. Spears v. Mt. Ayr, 66 Iowa 721; Eubanks v. Edina, 88 Mo. 650.   (2)   The court erred in permitting the testimony of the witness W. T. Brickle to go to the jury. Said testimony being in effect:  That at some unknown date, and at some uncertain place along the line of the sidewalk in question there were "floating planks." There being no allegation in the petition that plaintiff was injured by reason of a floating sidewalk.   The evidence must correspond with the allegations of the petition, and be confined to the point in issue.  Eddy v. Baldwin, 32 Mo. 369; Green v. Gallagher, 35 Mo. 226; State v. Roberts, 62 Mo. 388; Golson v. Ebert, 52 Mo. 270; Burkholder v. Henderson, 78 Mo. App. 293.   (3) Plaintiff's first instruction did not require the jury to find that the sidewalk in question was not in a reasonably safe condition, and should have been refused by the court.   Young v. Kansas City, 45 Mo. App. 600.

*David W. Hill* for respondent.

(1) It was not error to admit Baldwin's testimony relative to the general condition of the sidewalk, but, if it had been, it was cured by his cross-examination by appellant. Kuntsch v. New Haven, 83 Mo. App. 174. (2) Likewise the same will apply to Brickell's testimony. (3) On account of the injury, plaintiff lost seven months' time, reasonably worth two dollars per day, and up to the time of the trial his leg was not strong and still pained him, and the verdict for five hundred dollars was not excessive. Williams v. Railroad, 119 Mo. App. 663; Waechter v. Railroad, 113 Mo. App. 270; (4) Plaintiff's first instruction was correct. Young v. Webb City, 150 Mo. 337.

GOODE, J.—On March 7, 1905, plaintiff fell while walking on a sidewalk in the city of Poplar Bluff. He subsequently instituted the present action to recover for an injury said to have been caused by the fall, which, he alleges was due to the negligence of the defendant in maintaining the sidewalk in bad repair. The walk was a board one and the fall was occasioned by a loose board which either tilted sidewise or flew up at one end when plaintiff stepped on it. The precise manner in which the accident occurred is a trifle obscure on the evidence. The injury complained of was to plaintiff's right knee. He said it was a permanent injury, but his physician's opinion was that it was slight. Plaintiff had been lamed many years before by an accident which left one leg shorter than the other; but he said the crippled member was as strong as the other until the occurrence of the accident for which he sues. His testimony was that he had not been able to work since. Prior to the accident he was earning $16 a month and his board working in a hotel office. At the request of the defendant's counsel plaintiff exhibited his injured knee to the jury for their inspection and gave testimony as to the effect of the for-

mer injury received when he was young and the later one. One complaint on the appeal is that the verdict was excessive. It was for $500 and in view of plaintiff's testimony and the examination of his limb made by the jury, we do not feel warranted in holding the sum awarded was too great. A doctor called on him three times in connection with his injury and treated it. The doctor said the first time he examined plaintiff's knee he found it swollen and plaintiff was suffering a great deal. The remedy prescribed was a liniment or some other application to the joint. Besides the lotion plaintiff was given morphine to relieve the pain. The doctor said plaintiff probably suffered intensely for eight or ten days from the injury and that a man plaintiff's age (fifty-one years) might suffer pain for months afterwards; that a sprain of a joint was sometimes more stubborn in getting well than a fracture. We will not interfere with the verdict on the ground that the damages were excessive.

The accident occurred on the north side of Ash street between the Frisco railroad station and a building known as the "old machine shops." The testimony for plaintiff showed the sidewalk between those points was in bad repair and had been for a long time; eight or ten months at least. Plaintiff testified the board which tripped him was loose, somewhat rotten, and "a little bit off the stringer." Error is assigned for permitting a witness to testify the sidewalk in question never had been good. We understand the objection to this testimony to be that it was the duty of the witness to state facts showing whether or not the sidewalk was in good condition and the province of the jury to arrive at a conclusion on the issue. No doubt this is true. Yet we think no error was committed in the admission of the witness' testimony. The record shows that when he said the condition of the walk on Ash street never had been good, defendant's counsel moved to strike out the answer

and the court sustained the motion. Subsequently the witness was asked to tell the condition of the walk on or about the 6th day of March, and for some months previously. It ought not to be ruled that in asking this question, the purpose of plaintiff's counsel was to induce the witness to say the walk was in bad condition. The question can very well be held to have called for a statement of defects in the walk; not the judgment of the witness that it was in bad order. Indeed, defendant's counsel objected to the question as too general and because the witness had already testified he did not know the point at which plaintiff was injured, and the examination ought to be restricted to that particular point. This objection shows defendant's counsel did not understand plaintiff's counsel was endeavoring to get the witness to say the walk was in bad order, but that the purpose of the question was to get him to state the facts. The court overruled the objection and an exception was saved. We hold the question was a proper one. In answering it the witness repeated his statement that the sidewalk never had been good and went on to say "there were step-offs and the planks never looked safe," but he did not remember seeing loose ones, and that part of the street did not have a sidewalk. No step was taken by counsel for defendant in regard to this testimony except that he moved to strike out the statement that planks were missing for spaces of fifty feet, because it did not appear either of those places was where plaintiff was injured. It is apparent that the court ruled with defendant's counsel that the witness could not give his opinion as to the condition of the walk; but was bound to state the facts; and no doubt when the second statement was made by the witness, that the walk was not in good condition, the court would have excluded the statement if he had been requested to do so. We will say in this connection that plaintiff was not restricted in showing the bad condition of the walk, to the loose board which caused the accident, but might show that in its

immediate vicinity the walk was in bad order. [Kuntsch v. New Haven, 83 Mo. App. 174.] Another witness testified that on one occasion when he was going over the walk the boards were loose and every one he would step on would give way; that "the planks were all loose and floating." This was during a rainy spell. The evidence of this witness went to show the boards had been loose for years. As to his testimony about the floating boards, defendant moved to strike it out because it was two years before the trial. The court said he would strike it out if it appeared to have been that long before; but the witness, on cross-examination, said he was satisfied the walk was not in good condition when plaintiff was injured and he was certain there were loose boards there along the portion where the accident happened. The court committed no error in refusing to strike out the witness' testimony about the floating boards. This was simply a circumstance related to show the boards were loose long prior to the accident and the witness testified they were loose at the time of the accident and were mostly in the same state for months, may be years. As a whole his testimony went to show the walk had been in bad order for a period which would charge the municipality with notice.

It is said the plaintiff's first instruction did not require the jury to find the walk was not in a reasonably safe condition and, therefore, should have been refused. The instruction required the jury to find it was in a *dangerous* condition for persons traveling over it, and in another instruction for defendant (No. 3) the jury were told the defendant was bound to exercise no greater care than was sufficient to keep its walks reasonably safe and if an accident occurred where they were reasonably safe, defendant was not liable. The case was well instructed and all the requests of the defendant were granted.

No reversible error being found in the record the judgment is affirmed. All concur.