GRANEY, *Appellant*, v. THE CITY OF ST. LOUIS.

Division One, November 3, 1897.

1. **Damages:** PEDESTRIANS: CONTRIBUTORY NEGLIGENCE: KNOWLEDGE OF DEFECTS IN WALK. It is not contributory negligence for one to walk along a sidewalk known to him to have a dangerous obstruction therein, under the circumstances of this case. Nor does the law preclude a recovery in a case where it is shown that by taking the other side of the street the pedestrian might easily have avoided the accident and injury due to an obstruction in the sidewalk, of which the city had knowledge and for the removal of which there had been a reasonable time. Nor is mere knowledge on the part of plaintiff of the condition of the walk an absolute protection to the city. In such matters the trial court must be guided by the rule of giving to plaintiff every reasonable inference that may be drawn from his testimony

and the surrounding facts, and if no other conclusion can be reached than the one that he disregarded all rules of ordinary prudence and caution, then a demurrer to his evidence should be sustained; but so long as the conduct undertaken is such that men of ordinary intelligence might reasonably differ as to the hazard of the act, the question is one of fact for the jury.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

REVERSED AND REMANDED.

*A. R. Taylor* for appellant.

(1) The court erred in declaring as a matter of law the plaintiff could not recover. (2) The fact that plaintiff knew that the sidewalk was out of repair and defective, it being in the nighttime when she was passing over the sidewalk, did not as a matter of law make her guilty of contributory negligence in undertaking to pass over the sidewalk. *Loewer v. Sedalia*, 77 Mo. 444; *Maus v. Springfield*, 101 Mo. 618; *Flynn v. Neosho*, 114 Mo. 572. As this was the only conceivable ground for the action of the lower court, if the above cited cases are the law of this State, there ought to be a reversal. (3) It is no defense to the city that a part of the sidewalk in question was passable. *Walker v. Kansas City*, 99 Mo. 652; *Roe v. Kansas City*, 100 Mo. 193.

*W. C. Marshall* for respondent.

(1) The instruction for a nonsuit was properly given by the circuit court. *Cohn v. Kansas City*, 108 Mo. 387; *Smith v. St. Joseph*, 45 Mo. 449; *Loewer v. Sedalia*, 77 Mo. 431; 2 Shear. & Red. on Neg. [4 Ed.], sec. 376. (2) One who attempts to cross over a sidewalk as part of a road, known to him to be dangerous, when the dangerous place could have been easily avoided,

as by passing around it, or taking another side of the road, is wanting in due care, and the court may so say as a matter of law. *Erie v. Magill*, 101 Pa. St. 616; *Gosport v. Evans*, 112 Ind. 133; *Centralia v. Krouse*, 64 Ill. 19. (3) A foot-passenger on the sidewalk of a city street, who, with full knowledge of the dangerous character of an obstruction on the pavement, deliberately attempts to walk over it when he could have avoided it by a slight detour into the street, and who falls and is injured in such attempt, is guilty of contributory negligence *per se*. *McKee v. Bidwell*, 74 Pa. St. 218; *Baker v. Fehr*, 97 Pa. St. 70; *Schaefler v. Sandusky*, 33 Ohio St. 246; *Quincy v. Barker*, 81 Ill. 300; *Evans v. Utica*, 69 N. Y. 166; *Wilson v. Charlestown*, 8 Allen (Mass.), 137; *Coates v. Canaan*, 51 Vt. 131; *Massey v. Columbus*, 75 Ga. 658; *Daniels v. Lebanon*, 58 N. H. 284. (4) The law precludes a recovery "in a case where, by taking another side of the road, the defect might have been easily avoided." *Carolus v. N. Y.*, 6 Bosw. 15; *James v. San Francisco*, 6 Cal. 528; *Hubbard v. Concord*, 35 N. H. 52; *Packard v. New Bedford*, 9 Allen, 200; *Horton v. Ipswich*, 12 Cush. 488; *Congdon v. Norwich*, 37 Conn. 414; *Parkhill v. Brighton*, 61 Iowa, 103.

ROBINSON, J.—This action was instituted by plaintiff against the city of St. Louis to recover damages for an injury sustained by her while walking along one of the sidewalks of said city. The petition alleged that on the morning of April 25, 1889, the plaintiff, while walking along the west sidewalk of Van Buren, an open street of the city, at a point near her home, she was tripped and thrown violently to the ground by reason of an iron pipe or water meter that was placed thereon, by the consent of the city, and that was left exposed so as to protrude several inches above the

level of the walk, on account of the pavement immediately adjacent thereto being removed, torn away, and negligently allowed to remain out of repair.   That said pipe or water meter and sidewalk in its then condition dangerously obstructed passage along the walk at the time and place of her injury, and rendered such passage unsafe for persons walking thereon particularly in the nighttime; that said sidewalk had been maintained in its dangerous condition with the knowledge and consent of the defendant for a long time prior to the injury herein complained of and after the lapse of a reasonable time within which to repair the same; that without fault or negligence on her part she fell over said pipe or water meter and fractured one of the bones of her leg and otherwise injured herself to her damage in the sum of $5,000, etc.   The answer filed was a general denial and a plea of contributory negligence.   To the plea of contributory negligence a general denial was filed.   At the conclusion of the testimony offered in behalf of plaintiff the court gave an instruction that "upon the pleadings and evidence the plaintiff was not entitled to recover," and plaintiff was forced to take a nonsuit with leave to move to set the same aside.   The plaintiff's motion being unsuccessful, her appeal, after the usual preliminaries, has reached this court.

Just what reason prompted the instruction given by the court is only to be gained by the contention now made by the counsel for defendant to sustain the court's action.   But from any standpoint from which the facts of the case may be viewed, to us the instruction seems erroneous.   No dispute is made by counsel of the city's duty to keep the sidewalk at the place where the plaintiff claimed to have been injured, in a condition of reasonable safety for pedestrians, called upon to use the same by night as well as by day; nor

is it contended that the walk is not out of repair or defective; but council now contends that plaintiff was guilty of contributory negligence according to her own showing in attempting to pass along a sidewalk known to her to be out of repair; and second, that the law precludes a recovery in a case where it is shown that by taking the other side of the street the plaintiff might have easily avoided the injury. Neither contention under the facts of this case can be sustained.

While the plaintiff in this case does testify that she was well acquainted with the sidewalk on which she was injured, and that she had known of its defective condition for a number of years and could have observed its defective condition by close watching at the time of night at which she was injured, and further that she could have taken the walk on the opposite side of the street and have had an unobstructed way to her home, her knowledge alone of the defect in the walk and failure to take the opposite side of the street do not absolutely preclude a recovery, for she also testified that the night was quite dark, and that she did not see the depression and impediment on the walk at the time; that in fact she did not think that she had gotten that far on her road until she stepped into the depression and stumbled over the iron that caused her to fall, and further that there was a space of three or four feet to the inside of the walk opposite the depression that was in a perfectly safe condition for use by pedestrians and over which she was intending to pass, as she had frequently done before with perfect safety.

The case seems to have been tried upon the theory that mere knowledge on part of plaintiff as to the condition of the walk was an absolute protection to the city against all accidents resulting to her from such defect, a proposition which, if followed to its logical ending, would make the notorious misconduct of a city in

abandoning its streets and walks an absolute shield against its grossest neglect, and the open defiance of its plainest duty an exemption from liability from the consequences thereof. The mere admission on part of the plaintiff that she knew of the defective condition of the walk at the time of and for a long period before she received her injury, does not of itself constitute want of care on her part in the act of using same, and is not to be held as conclusive evidence of negligence on her part, such as to warrant the giving of a peremptory instruction by the trial court as was done in this case. While such knowledge may be important as evidence tending to establish the plaintiff's negligence in the premises, it by no means results as a necessary conclusion of law to be declared absolutely. The knowledge of plaintiff is only a circumstance to go to the jury in determining the question whether in attempting to use the walk on the night in question she was exercising the care of an ordinarily prudent person under like circumstances.

The court is warranted in acting only in those cases where by giving to the plaintiff the benefit of every reasonable inference that may be drawn from her testimony and the surrounding facts, no other conclusions could fairly be reached than that she disregarded all rules of common prudence and caution in the act assumed. When known or manifest danger is assumed or deliberately undertaken, the court can declare the legal effect thereof by a mandatory instruction, as was attempted in this case, but when the thing undertaken is such that men or women of ordinary intelligence might reasonably differ as to the hazard of the act, the question is one of fact for the jury to determine.

Nor can it be said as further contended by defendant, that plaintiff was bound to abandon the use of the sidewalk in question and pursue another course home

from the simple reason that the walk was known to her to have been out of repair, or be charged with all the consequences that did actually attend the attempted use of the same, without regard to the question of reasonable care and caution on her part.

It can hardly be said that a depression of four or five inches in depth by two feet square (at the outer edge of a sidewalk five or six feet wide) caused by the removal of part of the stone from the walk and the exposure to view of an iron piping above the bottom thereof, over which a person might stumble and fall, should be called a thing of such known and recognized danger that a court would be authorized to declare it such as a legal conclusion, and the use of the sidewalk in which it existed as an act of negligence such as to defeat absolutely a recovery in the event of an injury resulting from the attempted use of the walk. The way that a particular accident along a given route might have been avoided is always known to the party injured by the after suggestion of a different route, as that the place itself where the injury occurred is dangerous; but ordinary action is not inspired with such forethought, and the law does not impute negligence from the simple failure to foresee and escape such danger by that other route. *Loewer v. City of Sedalia*, 77 Mo. 431. "Forethought and experience are widely different monitors."

The issue of plaintiff's negligence under the facts of this case should have been submitted to the jury for their finding and the case is reversed that a new trial may be had. All concur.