JENNIE HITCHINGS, Respondent, v. CITY OF MARYVILLE, Appellant.

Kansas City Court of Appeals, January 11, 1909.

1. MUNICIPAL CORPORATIONS: Defective Sidewalk: Repairing: Scienter: Instruction.   Where the evidence is conflicting it is important that the essential elements of negligence asserted in the pleadings be properly presented in the instruction; and an instruction is held sufficient to present the questions of knowledge of the defect in the sidewalk and of time to repair and diligence in so doing thereafter.

2. ———: ———: Petition: Demurrer: Trial Practice. Where a cause of action is defectively stated it should be attacked by motion or demurrer before answer and not by objection to the introduction of evidence at the trial.

3. ———: ———: Damages: Earnings: Evidence: Instructions. A petition is construed to aver that plaintiff from the time of her injury to the filing of the petition had been incapacitated for working at her trade and that she will continue permanently in that condition and admits evidence and an instruction as to the loss of her time.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*T. A. Cummins* and *A. F. Harvey* for appellant.

(1) Plaintiff's petition fails to state facts sufficient to constitute a cause of action against the defendant for the reason that there is no allegation that the alleged defect existed for such a length of time as to charge the city with notice and that after such notice, either expressed or implied, defendant had reasonable time to repair such defect before the alleged injury to plaintiff. Dogherty v. Kansas City, 105 Mo. App. 173; Gerber v. Kansas City, 105 Mo. App. 194. (2) Plaintiff's instructions numbered 2 and 3 are erroneous in this, that they did not require the jury to find that defendant was negligent, that is that defendant had reasonable knowledge, time and opportunity to repair the walk after knowledge of the defect but failed to do so. Dogherty v. Kansas City, 105 Mo. App. 173; Ballard v. Kansas City, 126 Mo. App. 541; Richardson v. Marceline, 73 Mo. App. 360; Maus v. Springfield, 101 Mo. App. 613; Ballard v. Kansas City, 126 Mo. App. 541; Ball v. Neosho, 109 Mo. App. 683; Plummer v. Milan, 79 Mo. App. 191; Gerber v. Kansas City, 105 Mo. App. 191; Dogherty v. Kansas City, 105 Mo. App. 173; Bagley v. St. Louis, 149 Mo. 133; Thompson on Trials, sec. 1706; 28 Cyclopedia of Law and Procedure, page 1362; Gerber v. Kansas City, 105 Mo. App. 191. (3) Plaintiff's instruction number 5 is erroneous. Plaintiff's petition contained no allegation of loss of time or value thereof from the time of the alleged injury, while this instruction directs the jury to allow damages on this account. This should not have been done. Nelson v. Railroad, 113 Mo. App. 662; Biglow v. Railroad, 48 Mo. App. 367; Curtis v. Railroad,

18 N. Y. 534; Baker v. Independence, 93 Mo. App. 165; Beasley v. Linehan, Tras. Co., 148 Mo. 420.

*B. R. Martin* and *L. C. Cook,* for respondent, submitted argument.

JOHNSON, J.—Plaintiff tripped on a loose plank in a board sidewalk on one of the public streets of defendant city and was injured by the resulting fall. She alleges that her injuries were caused by the negligence of defendant. The answer is a general denial and a plea of contributory negligence. Plaintiff prevailed in the trial court where the jury awarded her $2,000, and the cause is here on the appeal of defendant.

The injury occurred in the daytime of February 13, 1907. Plaintiff, who was forty-seven years old and weighed about 265 pounds, was walking on the sidewalk in question, with two companions. One of the women stepped on one end of a loose board in the sidewalk and caused the other end to fly upward in a way to trip and throw plaintiff to the ground. The injuries plaintiff claims were inflicted by the fall were numerous, serious, and permanent, but since it is not argued by defendant that the verdict was excessive, we shall not enumerate them. Witnesses for plaintiff testified that the stringers under the board were decayed and that the sidewalk at that place had been in a defective condition for many months. Witnesses for defendant contradict this evidence and describe the walk as having been maintained in first-class condition. In view of this conflict in the evidence, it was important that the essential elements of the negligence asserted be properly presented in the instructions to the jury. Defendant contends that the instructions of plaintiff are infected with reversible error because of their omission to state that defendant was entitled to a reasonable time in which to repair the defect after it should have

received actual or constructive notice of the existence of the defect. The language of the instructions criticised is as follows:

"If you believe . . . that a sufficient time had elapsed between the time said sidewalk became defective and out of repair (if you believe and find from the evidence that it was defective and out of repair) and the time of the alleged injury to plaintiff *for the defendant city by the exercise of reasonable diligence to have discovered and repaired said sidewalk prior to the time of said alleged injury,"* etc.

It was essential that the jury be told in the instructions that defendant was entitled to a reasonable time after the reception of actual or constructive notice in which to repair the defect. [Ballard v. Kansas City, 126 Mo. App. 541; Richardson v. Marceline, 73 Mo. App. 360; Ball v. Neosho, 109 Mo. App. 683; Plummer v. Milan, 79 Mo. App. 439; Doherty v. Kansas City, 105 Mo. App. 173; Bagley v. St. Louis, 149 Mo. 122.] We think the instructions before us fairly satisfy this rule. The only reasonable construction of the clause is that the term "by the exercise of reasonable diligence" was intended to refer to the duty to repair the defect after it should have been discovered as well as to the duty to discover it.

In the Ballard and Richardson cases, supra, an entirely different idea was expressed by the instructions. The language employed in the first of these cases will serve to show the distinction: "That defendant knew or by the exercise of ordinary care and caution might have known of said defects therein, if any, in time to have repaired the same." There, the term "by the exercise of ordinary care and caution" was expressly limited in application to the discovery of the defect and clearly was not intended to refer to the clause "in time to have repaired the same."

The instructions in the present case are not subject to the objection under consideration. It is alleged

in the petition that the defect was known to defendant "and in the exercise of ordinary care might have been known to the defendant city in time to have repaired the same." Defendant did not demur to the petition nor move that it be made more definite and certain. It did object to the introduction of any evidence on the ground that the petition fails to state a cause of action and now insists that we declare the pleading fatally defective. From what we said in discussing the instructions, it will appear that the cause of action was defectively stated but for the reasons given by the Supreme Court in Hurst v. City of Ash Grove, 96 Mo. 168, the defect was not vital and could be used as a valid objection to the petition only by demurrer or motion filed before defendant answered to the merits.

In the instruction on the measure of damages given at the request of plaintiff, the jury were authorized to compensate her for "loss of time, if any, and the value thereof." There is evidence in the record that since her injury, plaintiff has been wholly incapacitated from pursuing her vocation of dressmaker, that her incapacity is permanent, and that she had been earning from $1.50 to $2 per day. Loss of earnings is a special damage that must be specially pleaded. The averment of the petition is "that because of the permanency of her said injuries, she is and ever will be incapacitated from earning her livelihood at her chosen and established trade, to-wit, that of seamstress and dressmaker." The point made by defendant is that since there is no allegation of loss of earnings prior to the filing of the petition, it was error to permit a recovery of such earnings. The proper construction to be placed on the allegation is that the plaintiff, from the time of her injury, has been incapacitated from working at her trade and that she will continue permanently in that condition. We think defendant was sufficiently notified by the petition to prepare to meet the issue of

earnings lost from the date of injury. [Wilbur v. Railway, 110 Mo. App. 689, and cases cited.]

A careful investigation into other points raised by defendant convinces us that none of them is meritorious. The case was tried without substantial error and accordingly the judgment is affirmed. All concur.