Barnes v. City of St. Joseph.

---

## LOUISA BARNES, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. **MUNICIPAL CORPORATIONS: Defective Streets: Instructions.** An instruction, which assumes to cover the whole case, but which fails to require the jury to find that the presence of the hole or depression into which plaintiff fell made the sidewalk unsafe to pedestrians, or that defendant was entitled to a reasonable time, after the reception of actual or constructive notice, in which to repair the defect, is erroneous, but these deficiences do not constitute prejudicial error where the evidence clearly establishes all of the necessary elemental facts, to-wit: First,

that while properly using the sidewalk, plaintiff fell into the hole and was injured. Second, that the sidewalk was not reasonably safe on account of the hole, and third that the defect had existed long enough for the city, in the exercise of reasonable care, to have known of its existence in time to have repaired it had reasonable diligence been exercised.

2. ————: ————: **Remarks of Counsel.** Remarks of counsel in argument to the jury, which go to the utmost limit of propriety, but fall within the rules of forensic debate do not constitute reversible error.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

AFFIRMED.

*W. B. Norris, O. E. Shultz* and *Phil. A. Slattery* for appellant.

(1) Plaintiff's instruction No. 1 is erroneous for the following reasons: It declared as a matter of law that the defect complained of was not reasonably safe. Garber v. Kansas City, 105 Mo. App. 195; Jackson v. Kansas City, 106 Mo. 57. It contradicts defendant's instruction No. 3 in that plaintiff's instruction declared as a matter of law that the defect was not reasonably safe, while defendant's instruction required the jury to determine whether the defect was reasonably safe. Baker et al. v. Railroad, 122 Mo. 550; Thummel v. Dukes, 82 Mo. App. 55; Stone v. Hunt, 94 Mo. 480; Thomas v. Babb, 45 Mo. 388; Bindebeutal v. Railroad, 43 Mo. App. 474. (2) The decision of the Court of Appeals in the former appeal of this case is not res adjudicata as to plaintiff's instruction 1. Barnes v. v. St. Joseph, 139 Mo. App. 545; Guinn v. Wagner, 116 Mo. 143; Baker v. Railroad, 147 Mo. 150; Ables v. Ackley, 133 Mo. App. 600; Rickwood v. Martin, 43 Mo. App. 597, 604; R. S. 1899, sec. 800. (3) The statements and conduct of plaintiff's counsel in his argument to the jury were prejudicial. Barnes v. St.

Joseph, 139 Mo. App. 545; Norton v. Railroad, 40 Mo. App. 642; McDonald & Co. v. Cash and Hainds, 45 Mo. App. 66; Haynes v. Town of Trenton, 108 Mo. 123; Ritter v. Bank, 87 Mo. 574; Marble v. Walters, 19 Mo. App. 134; Gibson v. Ziebig, 24 Mo. App. 65.     (4)     The physician who testified on behalf of plaintiff, willfully misrepresented the physical condition of the plaintiff, as the result of the fall complained of, and the defendant is entitled to a new trial because the minds of the jury were prejudiced by reason of such statement.     (5). Defendant is entitled to a new trial for the reason that the verdict of the jury was excessive and the result of passion and prejudice.     Empey v. Cable Co., 45 Mo. App. 422; Sawyer et al. v. Railroad, 37 Mo. 240; Devoy v. Transit Co., 192 Mo. 197; Taylor v. Railroad, 185 Mo. 239.

*Charles C. Crow* for respondent.

(1)     We must confess that the trial court would have erred had it given respondent's instruction number one alone, but in view of plaintiff's instruction number two, and defendant's instructions numbers 2, 3, 5, 6, 7, 9 and 11, the error in plaintiff's instruction number one was cured.     It will be noted in reading defendant's instructions referred to above, that the omission in plaintiff's instruction number one is put to the jury in every conceivable form and as strongly as the English language can state it, so that the jury could not have been mislead by the omission in plaintiff's instruction number one.     Austin v. Transit Co., 115 Mo. App. 146; King v. King, 155 Mo. 406; Asbill v. City of Joplin, 124 S. W. 22; Reding v. Reding, 127 S. W. 936; Deschner v. Railroad, 200 Mo. 310; Rogers v. Transit Co., 117 Mo. App. 678; Blackwell v. Hill, 76 Mo. App. 46; Johnson v. Railroad, 130 S. W. 413. (2)     Even if the court in a proper case would hold that plaintiff's instruction number one was erroneous and

that the instructions given by the court did not cure the error or supply the omission therein, the case will not be reversed unless the error complained of injuriously affected appellant's rights, or in other words, was prejudicial to appellant's rights and in this case if the instruction stood alone, this court would not reverse for the omission therein, for the reason that a very large number of witnesses called by plaintiff, testified to the condition of the sidewalk or alley-way, and the facts testified to by all the witnesses were not contradicted or disputed by a single witness called on behalf of appellant, or by any witness called by respondent, and the evidence, being all one way, and instruction number one going solely to the question as to whether or not the finding should be for the plaintiff or defendant, the omission in the instruction could not be reversible error because the jury could not have rendered a verdict for the defendant in the case. This instruction effected the question as to whether or not the finding should be for plaintiff or defendant, and did not in any way effect the amount to be awarded plaintiff. R. S. 1899, sec. 865; Lower v. Coal Co., 126 S. W. 987; King v. King, 155 Mo. 421; Burnes v. City, 131 Mo. 378; Barclay v. Cemetery Association, 153 Mo. 300.

JOHNSON, J.—This action to recover damages for personal injuries was before us on a former appeal of defendant (139 Mo. App. 545) and was reversed and remanded on account of improper remarks of counsel for plaintiff in his argument to the jury. Another trial to a jury resulted in a verdict and judgment for plaintiff in the sum of four thousand dollars. Defendant appealed and again complains of improper remarks in the argument of opposing counsel. Without repeating the remarks, we hold that while they go to the utmost limit of propriety, they manage to

fall within the rules of forensic debate as defined in our former opinion. The present record discloses the same facts as stated and considered before and some additional facts to which we shall presently refer.

The first contention of defendant is that the court erred in giving the following instruction at the request of plaintiff:

"The court instructs the jury in this case that if you believe from the evidence that Highly street, mentioned in the evidence is a public thoroughfare of the city of St. Joseph and that on the 19th day of October, 1908, there was a hole or excavation on the north side of said street and in an alley-way intersecting with Highly street from the north and that said hole or excavation was in line with the sidewalk on the north side of Highly street and you further believe from the evidence that the city of St. Joseph knew of the existence of said hole or excavation a sufficient length of time to have repaired same prior to the 19th day of October, 1908, and failed to do so, and if you further believe from the evidence in this case that while in the exercise of ordinary care on her part, plaintiff in this case was walking along the sidewalk on the north side of Highly street at the place mentioned in evidence and that it was in the nighttime and that plaintiff could not see said hole or excavation and that plaintiff stepped into said hole or excavation and was thereby caused to fall and thereby injured, then your verdict in this case will be for plaintiff, provided you further find from the evidence that plaintiff delivered to the mayor of the city of St. Joseph a notice of the fact that she had been injured on the north side of Highly street at said alley between Eleventh and Twelfth streets in said city, giving the date and place of injury in said notice, the description, location, situation and condition of the street at said place, together with the nature of her injuries and all the circumstances connected therewith and that she would claim dam-

ages for said injuries and that said notice was served or delivered to the mayor of the city of St. Joseph within sixty days after the injury of plaintiff, if any.''

It will be noticed that this instruction which assumes to cover the whole case and which directs a verdict on the hypothesis submitted, omits from that hypothesis elements that ordinarily in cases of this nature are indispensible to the existence of a cause of action. The jury were not required to find that the presence of the hole or depression into which plaintiff fell made the sidewalk unsafe to pedestrians, nor did the instruction tell the jury that defendant was entitled to a reasonable time after the reception of actual or constructive notice in which to repair the defect.

The city was not an insurer of the safety of the sidewalk but was bound only to the exercise of reasonable care to maintain it in a reasonably safe condition for the use of pedestrians. For a defect in the sidewalk to constitute a breach of such duty, it must be found that the sidewalk with the defect in it was not a reasonably safe way and that the city had actual or constructive knowledge of the presence of the defect in time to have repaired it, had the city acted with reasonable diligence. [Gerber v. Kansas City, 105 Mo. App. l. c. 195; Jackson v. Kansas City, 106 Mo. App. l. c. 57; Ballard v. Kansas City, 126 Mo. App. l. c. 543.]

The burden was on plaintiff to establish the existence of the following elemental facts: *First,* that while properly using the sidewalk she fell into the hole and was injured; *second,* that the sidewalk was not reasonably safe on account of the hole and, *third,* that the defect had existed long enough for the city, in the exercise of reasonable care, to have known of its existence in time to have repaired it had reasonable diligence been exercised.

Plaintiff introduced a number of witnesses whose testimony covers these points, is uncontradicted by

any evidence offered by defendant, and is consistent with the physical facts of the occurrence. It appears beyond question that plaintiff, owing to the darkness, fell into a hole in the way across the alley for the use of pedestrians; that the hole had been made by surface water, that it had been there more than four months and that it was of size and depth sufficient to menace the safety of travelers, especially on a dark and rainy night. We are giving full weight to the rules that require a plaintiff to prove his case and that call for submission to the jury of all constitutive issues of fact raised by the pleadings and we are willing to concede, *arguendo,* that the omissions from the instruction under consideration constitute error, but we are not willing to concede that such error calls for a reversal of the judgment. We do not believe the error was prejudicial, and we have no right to reverse a judgment except for prejudicial error.

The undisputed facts in evidence will admit of no other conclusion than there was a hole in the sidewalk into which plaintiff fell, that it made the way unsafe and that it had been there so long that the city was negligent in having suffered it to remain. It would be a travesty on justice to reverse this judgment on grounds about which there is no room for difference of opinion among reasonable minds. Defendant insists that the verdict was excessive and asks us to disregard the testimony of plaintiff's physician in our consideration of this point. We think the credibility of this witness and the weight to be given his testimony were issues of fact for the jury to solve. But aside from his testimony there is substantial evidence to the effect that in consequence of her fall plaintiff suffered a serious and permanent injury to the lower part of her spinal cord. A physician appointed by the court on motion of defendant to make an examination of plaintiff testified to finding subjective

151 App.—34

symptoms of such injury to the spinal cord at a point below the twelfth dorsal vertebra, though he did not believe that vertebra had been dislocated. The jury were entitled to the inference that plaintiff is permanently crippled and rendered a nervous wreck from a permanent injury to her spine, and in this view of the injury, we think the verdict was not excessive.

The judgment is affirmed. All concur.