THYRZA GALLAGHER, Respondent, v. CITY OF TIPTON, Appellant.

Kansas City Court of Appeals, January 2, 1911.

CITIES: Defective Street: Negligence. Where one steps off a gutter crossing constructed and maintained on a general plan of street improvement adopted and pursued by a city, and is injured, there can be no recovery. But, where it is shown that the city has negligently constructed a crossing over a deep hole, without filling the hole to reduce the gutter to the proper depth and width, or has placed no guard rails at the crossing, or has maintained no street light to show pedestrians the way on a dark night, it is for the jury to say whether or not the city is liable.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*R. M. Embry, W. F. Quigley* and *C. D. Corum* for appellant.

.(1)   The cross-walk was built in accordance with the plans devised by the board of aldermen, and when the legislative body of a city thus adopts what it conceives to be the best plan for effectuating drainage, construction of cross-walks, or other purposes, according to the means at its disposal, it must follow that the municipality cannot be held civilly liable for any defect in the plans so devised.   In such matters, the town board acts in a legislative, or quasi judicial capacity, and the city is not liable for injuries sustained on account of the plan of construction.   Gallagher v. City of Tipton, 133 Mo. App. 557; Detroit v. Beckman, 34 Mich. 125; Clay City v. Abner, 82 S. W. 276; Toolan v. Lansing, 38 Mich. 318; Urquart v. Ogdensburg, 91 N. Y. 67; Hoyt v. Danbury, 69 Conn. 341; August v. Little, 115 Ga. 124; Imler v. Springfield, 55 Mo. 119; Stewart v. City of Clinton, 79 Mo. 611; Ely v. St. Louis, 181 Mo. 723.   The above ruling is not limited to cases where the plan adopted was determined in advance, but applies equally where it was ratified and adopted by the municipality after the actual work of construction.   Davis v. Jackson, 61 Mich. 530; Lansings v. Toolan, 37 Mich. 152; Urquart v. Ogdensburg, 91 N. Y. 67; Rhinelander v. Lockport, 14 N. Y. Supp. 850.   (2) If the defendant in this case was compelled to place a railing along the sides of the cross-walk, then it should also be compelled to place a railing along the edge of the sidewalk from one end of the street to the other, because the gutter was of practically the same depth from one end to the other, with a probable increase in depth at the lower end, on account of the increased area of the water shed.   And if this cross-walk required a railing, as a matter of law, then all cross-walks over gutters in all the cities of the country should be provided therewith, and railings should be constructed along the sides of all the pavements, because this gutter was substantially similar to all the gutters in towns and cities everywhere. But railings are not required except in cases where the

danger of injury is of an unusual character. Damon v. Boston, 149 Mass. 147; Logan v. New Bedford, 157 Mass. 534.

*W. D. Steele, A. L. Shortridge* and *John Cosgrove* for respondent.

(1) Notice to any one of the officers of the city, who are charged with the supervision and repair of sidewalks, is notice to the city. Miller v. Canton, 112 Mo. App. 322. The city having admitted building the crossing no question of notice arises. Heberling v. Warrensburg, 204 Mo. 604; Mehan v. St. Louis, 217 Mo. 46; Small v. Kansas City, 185 Mo. 299. (2) An instruction authorizing a verdict on evidence irrelevant to the pleadings is not error when introduced without objection and the party objecting to the instruction did not pursue the statutory steps provided by sections 655 and 656, R. S. of Mo. 1899. Litton v. Railroad, 111 Mo. App. 150; Russell v. Railroad, 125 Mo. App. 441.

JOHNSON, J.—This is an action to recover damages for personal injuries which plaintiff alleges she sustained through the negligence of defendant, a city of the fourth class, in failing to keep one of its streets in repair. We considered the case on a former appeal of defendant from a judgment recovered by plaintiff, and held that plaintiff's evidence presented issues of fact for the jury to determine, but we reversed the judgment and remanded the cause on account of error in the instructions. (133 Mo. App. 557). A subsequent trial resulted again in a judgment for plaintiff and defendant again has appealed.

The evidence adduced at the second trial does not differ materially from that we considered on the former appeal and we refer to the opinion then delivered for a statement of the case. We thought then and still think that if this were a case where plaintiff stepped off a gutter crossing constructed and maintained on a

general plan of street improvement adopted and pursued by the city, there could be no recovery, but it appears from the evidence of plaintiff that this was not an ordinary crossing over an ordinary gutter, but that the city had negligently constructed the crossing over a deep hole or washed out place without filling the hole to reduce the gutter at the place to proper depth and width, or without placing guard rails at the crossing or without maintaining a street light there to show pedestrians the way on a dark night. Obviously a narrow and unguarded bridge over a deep hole is a dangerous place at night and we do not think the city's general plan of construction sanctioned, or legally could authorize, the maintenance of that kind of trap to the unwary traveler. The negligence disclosed by the evidence of plaintiff was in the construction of the crossing.

We find the issues were fairly tried and submitted in accordance with the law of the case as pronounced in our former opinion and it follows the judgment must be affirmed.

It is so ordered. All concur.