IDA B. LOFTIS, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

MUNICIPAL CORPORATIONS: Defective Sidewalk: Knowledge: Contributory Negligence. Plaintiff was walking along a board sidewalk in a city, at noontime. She had not been there before. She was preceded a few feet by her son, a lad 15 years old, who turned and warned her that the boards of the walk were loose and in bad condition. She saw that they were, but thought she could get along safely, and in attempting to step over a bad board onto one that looked to her be sound, it broke and flew up and she fell, receiving serious injury. The board was rotten underneath and loose from the stringers. The street proper was paved and plaintiff could have left the walk for the street. It was *held*, that the plaintiff was not precluded, as a matter of law, from recovering; and that the question of her contributory negligence was for the jury.

Appeal from Jackson Circuit Court—*Hon. Herman Brumback*, Judge.

AFFIRMED.

*John G. Park* and *Francis M. Hayward* for appellant.

(1) The court erred in not sustaining the demurrer of defendant to the evidence. Wheat v. St. Louis, 179 Mo. 572; Cohn v. Kansas City, 108 Mo. 387; Kaiser v. St. Louis, 185 Mo. 366; Woodson v. Metropolitan, 224 Mo. 685; Knight v. Baltimore, 97 Md. 647; King v. Cohn, 125 Mich. 511; Casey v. Malden, 163 Mass. 507. (2) The court erred in refusing instruction E asked by defendant. Coffee v. Carthage, 186 Mo. 573; Jackson v. Kansas City, 106 Mo. App. 52; Woodson v. Railroad, 224 Mo. 685; John v. Ottumwa, 60 Ia. 429; Ryan v. Kansas City, Mo. Sup. Ct. The court erred because it did not set aside the verdict on account of its excessive character. Johnson v. Railroad, 67 Minn. 260; Collins v. Janesville, 111 Wis. 348; Nichols v. Crystal, 126 Mo. 55.

*Boyle & Howell* for respondent.

(1) "It is the duty of a city to keep its streets in a reasonably safe condition for public travel thereon. It is its duty to discover and remedy defects therein, and it is bound to take notice of defects, and a pedestrian has no duty to examine the street for defects. He has a right to act on the presumption that it is reasonably safe for travel. And evidence that the defective condition has existed for a long time is sufficient to authorize a jury in finding that the city was negligent in not discovering and repairing it. Heberling v. City of Warrensburg, 204 Mo. 604; Coombs v. Kirksville, 134 Mo. App. 645; Howard v. New Madrid, 127 S. W. 631; Grainey v. St. Louis, 141 Mo. 180; Chilton v. St. Joseph, 143 Mo. 192. (2) The court did not err in refusing instruction E, asked by defendant. It was erroneous in that it required the plaintiff to abandon the sidewalk and take another route, and required her to examine the street for defects. It did not require the jury to find that the plaintiff knew the street was dangerous, or the board which broke was defective. Besides, the facts stated were fully presented in other instructions. Herberling v. Warrensburg, 204 Mo. 604; Deland v. City of Cameron, 112 Mo. App. 704; Diamond v. Kansas City, 120 Mo. App. 185; Cytron v. Transit Co., 205 Mo. 692; Waddell v. Railway Co., 213 Mo. 8; Porter v. Stockyards Co., 213 Mo. 372. (3) The damages assessed by the jury were not excessive.

ELLISON, J.—Plaintiff claimed to have been injured on one of defendant's board sidewalks, in a public street, which she charged was negligently permitted to become and remain in a dilapidated and dangerous condition. She recovered judgment in the trial court for $3000.

The evidence showed that plaintiff fell over a loose and decayed board in the sidewalk at about noonday.

She had not been over the walk before and on this occasion she was preceded a few feet by her son, a lad of about fifteen years. He saw that the boards were loose from the stringers—some at one and others at both ends, and he turned and spoke to plaintiff about the condition of the walk. She, too, had observed its state of repair, but said that she thought she could get along. Just then she attempted to step over a defective board, but stepped onto another of the same character, and "went down." The board she stepped on "looked sound and like it was nailed to the stringers, but it was all rotted out." She stated that she had no idea that she would fall.

That the sidewalk was unsafe and dangerous is practically conceded by defendant, and the chief defense was, that being in that condition and plaintiff knowing it, she was guilty of contributory negligence in attempting to walk over it. The street itself was paved and might have been used by pedestrians.

While there is not uniformity of opinion in the application of the law governing municipalities, as to their duties concerning sidewalks, to a given state of facts, yet the law itself is consistently stated to be that if the defect in the walk is not so patently dangerous that no ordinarily prudent and careful person would attempt to pass over it, such person is not precluded, as a matter of law, from a right of action, if he be hurt in using the walk with ordinary care to avoid injury. Plaintiff has cited us to a number of decisions by the Supreme Court and the Courts of Appeals which bear out this statement of the law. [Heberling v. Warrensburg, 204 Mo. 604; Chilton v. St. Joseph, 143 Mo. 192; Perrette v. Kansas City, 162 Mo. 238; Coffey v. Carthage, 186 Mo. 573; Coombs v. Kirksville, 134 Mo. App. 645; Howard v. New Madrid, 148 Mo. App. 57; Groney v. St. Louis, 141 Mo. 180.] In the latter case the court, in referring to the trial, said that: "The case seems to have been tried upon the theory that mere knowledge on part

of plaintiff as to the condition of the walk was an absolute protection to the city against all accidents resulting to her from such defect, a proposition which, if followed to its logical ending, would make the notorious misconduct of a city in abandoning its streets and walks an absolute shield against its grossest neglect, and the open defiance of its plainest duty an exemption from liability from the consequences thereof."

And the court further said: "Nor can it be said as further contended by defendant that plaintiff was bound to abandon the use of the sidewalk in question and pursue another course home, from the simple reason that the sidewalk was known to her to have been out of repair, or be charged with all the consequences that did actually attend the attempted use of the same, without regard to the question of reasonable care and caution on her part."

Plaintiff has cited Wheat v. St. Louis, 179 Mo. 572, but Judge MARSHALL said in that case: "That no one is precluded from traveling on a highway in which he knows there are obstructions or defects and on which he has business, and his knowledges of the conditions of the street will not conclusively bar his recovery. [Barr v. Kansas City, 105 Mo. 550.] . . .

"But whilst this is true, the person who knew of such defects and was injured, must use reasonable care while traveling along such defective street, and that care must increase in proportion to his knowledge of the risk. [Foster v. Swope, 41 Mo. App. 137] And such knowledge of the danger is admissible to prove contributory negligence."

Complaint is made of the refusal of instruction "E" asked by defendant. It was properly refused for the reason that it made plaintiff's duty absolute to have left the walk and proceeded along the street proper. It was, for all practical purposes, a direction that she could not recover. It was otherwise not in harmony with the law as we have stated it.

It is earnestly insisted that the verdict was exces-
sive.   Whether it was excessive depends altogether on
the credit given to the evidence as to the extent of her
injury and suffering.   We have gone over the record in
that regard and think we have not the right to say that
the jury have been so far unreasonable as to be guilty
of passion or prejudice, or that they have been carried
away by sympathy.   On the whole record we feel we
should affirm the judgment. All concur.