HENRY C. SPRAGUE, Appellant, v. CITY OF ST. LOUIS.

Division One, June 28, 1913.

1. **NEGLIGENCE: Performance of Municipal Duty: Reasonable Care.** The city is not answerable in damages for the negligent acts of its officers and servants in the use of a hose for washing out its sewers where that duty is imposed by law for the health and general welfare of the community; yet that fact does not relieve the city of the duty to use reasonable care to maintain its streets in a reasonably safe condition for public travel. The city is no more excusable, in a suit against it by a traveler on its streets for damages for personal injuries, for creating and maintaining a dangerous condition of its streets, when such condition is induced by its own act in the performance of a public duty, than if it were due to any other cause.

2. ———: ———: **Concurrent Right.** The duty of the city to maintain its streets in a reasonably safe condition contemplates their reasonable concurrent use for all those purposes for which the law devotes them. The knowledge of these uses is imputed alike to all, from which it follows that each is expected to enjoy them with reasonable regard for the rights of others. Reasonable prudence is the only safeguard in their enjoyment by all alike.

3. ———: ———: ———: **Hose on Sidewalk: Flushing Sewer: Injury to Pedestrian.** The city is not liable to a pedestrian on a wide sidewalk, who, after waiting eight or ten minutes in the shade of a building, on a hot day, without looking and wholly oblivious to his immediate surroundings, walked toward a street car, and, forty feet from the next cross street, stumbled over a four-inch hose, placed on the sidewalk ten inches from the curb, and connected with a fire-plug, by the city's servants, for the purpose of performing the necessary municipal duty of flushing out inlets into the sewer, and lying there and being used for about twenty minutes when he fell over it into the street and was injured, it being established by his own witnesses that the hose was laid on the sidewalk, instead of in the street, to prevent it being trampled and run over by vehicles.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Jones, Jones, Hocker & Davis* and *Thomas H. Sprinkle* for appellant.

(1) The court erred in giving defendant's instruction in the nature of a demurrer to the evidence, for the reason that there was sufficient evidence for the case to go to the jury; and it was error in declaring as a matter of law the plaintiff could not recover. Graney v. St. Louis, 141 Mo. 180; Lattimore v. Union E. L. & P. Co., 128 Mo. App. 37; Beck v. Brewing Co., 167 Mo. 199; Perrigo v. St. Louis, 185 Mo. 274; Franke v. St. Louis, 110 Mo. 516; Carrington v. St. Louis, 89 Mo. 209; Dillon Mun. Corp. (3 Ed.), sec. 988; Loewer v. Sedalia, 79 Mo. 444; Mans v. Springfield, 101 Mo. 618; Flynn v. Neosho, 114 Mo. 572. (2) The judgment is for the wrong party, for the reason there was evidence of negligence on the part of defendant in allowing said hose to be stretched on a crowded public sidewalk unguarded and with nothing to notify the passers-by of its presence. Lattimore v. Union E. L. & P. Co., 128 Mo. App. 37; Purette v. Kansas

City, 162 Mo. 238; McCormack v. Monroe, 64 Mo. App. 196; Burnes v. St. Joseph, 91 Mo. App. 489; Powers v. St. Joseph, 91 Mo. App. 65; Matthews v. Cedar Rapids, 80 Iowa, 459; Coffey v. Carthage, 186 Mo. 573; Barr v. Kansas City, 105 Mo. 550.

.. *Lambert E. Walther* and *Robert Burkham* for respondent.

(1) The city is not an insurer of the safety of its highways, but is liable only for negligence. Carvin v. St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 317; Warren v. Independence, 153 Mo. 593. (2) The hose against which appellant fell was not an unlawful obstruction, for: (a) A municipality is not liable for injuries received by a traveler who runs against an obstruction in the highway which has been properly placed there from considerations of public necessity or convenience. Dillon Mun. Corp. (5 Ed.), sec. 1168; Pueschell v. Wire & Iron Wks., 79 Mo. App. 459; Hesselbach v. St. Louis, 179 Mo. 505; Seibert v. Railroad, 188 Mo. 657; Morie v. Transit Co., 116 Mo. App. 12; Atchison v. St. Joseph, 133 Mo. App. 536; Phelan v. Paving Co., 227 Mo. 666; Macomber v. Taunton, 100 Mass. 255; Ring v. Cohoes, 77 N. Y. 83; Horner v. Philadelphia, 194 Pa. St. 542; Van Wie v. Mt. Vernon, 49 N. Y. Supp. 779; Jordan v. New York, 55 N. Y. Supp. 716; Wolf v. Dist. of Col., 196 U. S. 152; Dubois v. Kingston, 102 N. Y. 219; Robert v. Powell, 168 N. Y. 411; Dist. of Col. v. Moulton, 182 U. S. 576. (b) A hose in a highway being used for flushing a sewer, in order to protect the public health, is not an unlawful obstruction. Portsmouth v. Lee, 112 Va. 419. (3) The city was not guilty of negligence, for it omitted no reasonable or practicable precaution. Portsmouth v. Lee, 112 Va. 419; Overholt v. Vieths, 93 Mo. 422; Barney v. Railroad, 126 Mo. 372. (4) Appellant was guilty of contributory negligence,

which was not only the proximate cause, but in fact the sole cause of the injury. Ryan v. Kansas City, 232 Mo. 471; Woodson v. Railroad, 224 Mo. 685; Coffey v. Carthage, 186 Mo. 573; Kaiser v. St. Louis, 185 Mo. 366; Wheat v. St. Louis, 179 Mo. 572; Diamond v. Kansas City, 120 Mo. App. 185.

BROWN. C.—This is an action for damages on account of personal injuries suffered by plaintiff on July 24, 1907, by falling over a hose on Broadway near Locust street in the city of St. Louis. The hose was placed there by the employees of the sewer department of the city.

*Injury to Pedestrian on Sidewalk.*

At the close of the plaintiff's case the court instructed the jury to find for the defendant.

Broadway, a street running north and south, is intersected by Locust street, which runs east and west. This locality was, at the time of the accident, one of the busy retail districts in the city. At the southwest corner is the Mercantile Library building, the first second and third floors of which were occupied by the Scruggs, Vandervoort, Barney Dry Goods Co. The Broadway cars run along that street, and the Olive street cars come west on Locust street and run south past this block to Olive street. These lines transfer at that corner. The sidewalk along Broadway at that point is about fifteen feet wide, constructed of concrete. The curb stands about ten inches above the gutter.

At the southwest corner of Broadway and Locust streets there were two inlets connecting with the sewer, which were required by the Board of Health to be flushed from time to time through these openings to keep the sediment from accumulating to such an extent as to overflow them. The necessity for this work is expressly admitted in the record. In the west side of Broadway immediately inside the curb, and

about one hundred and twenty feet south of the south property line of Locust street, was a fire plug from which the water was taken by a two-and-a-quarter-inch hose three inches in external diameter, to the sewer openings referred to, for flushing purposes. Whenever this work was done the hose was attached to the fire plug and laid along the edge of the walk, about ten inches from the curb, to the corner, where the stream was run into the sewer. The hose was always laid in this position to protect it from being trampled and run over by vehicles, which was not only liable to injure it, but also to injure people who might be near it. The flushing of the sewer at this point occupied about twenty minues, and was in progress and nearly finished at about eleven o'clock a. m., July 24, 1907, a clear day, with the thermometer standing at about ninety degrees, when Mr. Sprague got off the Broadway car at the corner, for the purpose of transferring to an Olive street car. He walked south, he thinks, about thirty-five feet, until he came to a place in front of the Scruggs store, where there was about two and a half feet of shade, and stood there waiting for his car going south. He does not remember stepping over the hose when he got off the car, although if it were laid at the time he could not have reached the place where he waited without doing so; nor did he see anybody laying the hose. In fact he was oblivious that there was any such thing in existence. The sidewalk was well crowded with people, and a number of vehicles passed along while he stood there. After he had waited from eight to ten minutes the Olive street car turned into Broadway, and, with eyes and mind "centered" on it, he started across the sidewalk in a northeasterly direction, when his foot came in contract with the hose and he fell forward over the curb into the driveway, and was seriously injured by the fall. One of his witnesses measured the distance from the place where he fell to the south prop-

erty line of Locust street, and found it about forty-seven feet.

The propriety of the court's direction for the defendant is the matter in issue in this appeal.

The plaintiff was injured by stumbling over a water hose which the city was using at the time for washing one of its sewers. This was a public duty imposed by law for the health and general welfare of the community. It was also one of those uses to which the public streets are dedicated. While it is well settled in this State that the municipal corporation is not answerable in damages for the negligent acts of its officers and servants in the exercise of powers of this character (Ulrich v. St. Louis, 112 Mo. 138, and cases cited; Cassidy v. St. Joseph, 247 Mo. 197, and cases cited), yet this does not relieve the city from the duty to use reasonable care to maintain its streets in a reasonably safe condition for public travel. It is no more excusable for creating or maintaining a dangerous condition of its streets when such condition is induced by its own act in the performance of a purely public or discretionary duty than if it were due to any other cause. It makes no difference whether the defect be caused by the passage of a hose cart on its way to extingish a fire, or by the dray of a transfer company hauling a load of goods for a merchant. In either case the same duty rests upon it with respect to the condition produced.

No question is made of the right, nor of the duty of the city, to conduct the water through this same hose from the fire plug to which it was attached, over the street which afforded the only access, to the intake where the stream was discharging into the sewer. It is only claimed that the hose was laid in a place that was unlawful, because unnecessarily dangerous to those using the sidewalk for the purpose of travel, for which it was primarily designed. The

*Margin note: Negligence: Municipal Duty: Reasonable Care.*

operation was a temporary one, to continue only twenty minutes and the hose was carefully placed along the edge of the sidewalk, leaving ample room so far as the evidence shows or suggests, for the passage of pedestrians in the usual way, and the presumption is that the officers or employees having charge of it did their duty properly, to the extent that it devolves upon the plaintiff to show that men of ordinary prudence, mindful of their duty, would have placed it somewhere or somehow different from the plan they did adopt. The appellant accepts this burden, and complains that it was not placed outside the curb in the driveway. Although his witness, the man who had charge of the work, testified that his plan was considered and rejected on account of its danger to both persons and property, he points to the thing itself, the situation and the accident, and says that it warns us louder and more eloquently than spoken words that, as we avoid the voracious mouths of Scylla we are legally bound to think of Charybdis, crouching in her lair under the shade of her gigantic fig tree, or, rather, of the Scruggs store, and expect her nomentarily to emerge into the bright sunlight, her head in the air and her mind fixed on the savory crew of the street car, and stumble off the curb into the street. We are to expect all this, the appellant insists, although the place was not at nor even near a crossing where people are expected and invited to pass from the sidewalk into the street, and we are not to think for a moment that a person so preoccupied as to scorn to look where his steps were leading would probably have fallen into the gutter when he came to it, whether the hose had been there or not.

The duty of the city to maintain its streets in a reasonably safe condition, contemplates their reasonable concurrent use for all those purposes **Concurrent Right.** to which the law devotes them. The knowledge of these uses is imputed alike to all,

from which it follows that each is expected to enjoy them with reasonable regard for the rights of the others. The facilities are offered so freely and simply that reasonable prudence is the only safeguard required in their enjoyment by all alike, and their mutual rights are built upon this foundation. Applying this rule we cannot imagine in what way the rights of defendant were disturbed by the use of the street by the city exactly as it was being used at the time of this accident.

We have followed the appellant faithfully through his briefs to find some case which questions the conclusion we have stated and which seems to us inevitable, but without success. We have also examined all the cases cited by respondent to ascertain whether it might not have been questioned so seriously as to have been presented for the decision of some court, with the same naked simplicity with which it is presented here, but have found no instance. The nearest approach to similarity is in Portsmouth v. Lee, 112 Va. 419, but in that case the facts were such that the court was not asked to go as far as we are asked to go to overturn the judgment of the circuit court in this case. The judgment of the circuit court is affirmed.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.