# F. M. FRANCIS, Respondent, v. CITY OF WEST PLAINS, MISSOURI, Appellant.

### Springfield Court of Appeals, December 6, 1919.

1. **MUNICIPAL CORPORATIONS:** Negligence of City in Failing to Provide Siderails for Sidewalk Jury Question. In action against City for injuries to pedestrian sustained in stepping off sidewalk into ditch, question of whether city was negligent in failing to construct guards or siderails to prevent pedestrians from stepping off walk into ditch *held* for jury.

2. ———: Negligence of Pedestrian in Stepping off Unguarded Sidewalk Bridging Ditch. Pedestrian, who in walking toward his home on a dark night walked along a street which he knew had a sidewalk, with no handrails, bridging a ditch, was injured by stepping off sidewalk into ditch, was not contributory negligence, as a matter of law, where he had intended to avoid danger by walking in middle of street, but had, because of darkness, walked upon sidewalk, and where every other street leading toward his home would have exposed him to same danger; the question being for the jury.

3. ———: Contributory Negligence in Using Sidewak Known to be Dangerous. A person has a right to use a sidewalk which he knows is dangerous if he in such knowledge uses it with care to himself, such use not being contributory negligence as a matter of law, unless defect is so glaringly dangerous that no prudent person would attempt to pass over it.

4. ———: Erroneous Instruction in Action for Injuries from Defective sidewalk. In pedestrian's action against city for injuries from defective sidewalks, instruction that is was "the absolute and unqualified duty of defendant city to keep its sidewalks and streets in a reasonable safe condition" *held* erroneous, in making city an insurer, whereas it is only required to exercise reasonable and ordinary care.

5. ———: Duty of City as to Sidewalks and Streets. A city is only required to exercise reasonable and ordinary care and diligence in making its streets and sidewalks reasonably safe for the public, and is not an insurer of safety of public in use thereof.

6. DAMAGES: Necessity of Pleading Damags for Loss of Time and Earnings. In personal injury action, damages for loss of time and loss of earnings cannot be recovered unless specially pleaded.

7. NEGLIGENCE: Time not Element of Contributory Negligence. Negligence of plaintiff, if one of the producing or efficient causes which helped to bring about the injury, will preclude recovery, regardless of when his negligent act was committed.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED AND REMANDED.

*O. L. Haydon* for appellant.

*J. L. Van Wormer* and *Will H. D. Green* for respondent.

FARRINGTON, J.—The appellant is a city of the third class, and appeals from a judgment against it rendered for plaintiff after a trial to a jury based upon a petition alleging negligence on the part of the city in keeping a certain portion of its sidewalks and streets in an unsafe condition, on account of which the plaintiff fell and was injured, severely spraining one of his ankles.

Appellant raises numerous assignments of error and in its brief charges, first, that a demurrer to the evidence should have been sustained, and second, that certain instructions which were given on behalf of respondent contained reversible error, which instructions will be hereafter particularly noticed.

The appellant has failed to convince us that this case should have been withdrawn from the jury at the close of all the testimony, as we are of the opinion that the evidence which we will now relate makes out a case of negligence on the part of the city in failing to

use reasonable care to keep its streets and sidewalks in a reasonably safe condition, and fails to show, as a matter of law, that the plaintiff was guilty of contributory negligence, such as to bar a recovery.

The facts are, the plaintiff, a man about sixty years of age, was a paper-hanger by trade and lived in the southeast portion of the city of West Plains. He had purchased a store some few days prior to the night of his injury. On the night he was injured, about ten o'clock, in the company with his son, he started from his store to his home. The night was dark, and the street lights, owing to some trouble from a storm, were not lighted. He walked until he reached Grace street, a street running East and West, and proceeded down the south sidewalk of that street until he came to Locust treet, a street intersecting Grace Street and running North and South. Plaintiff lived about two blocks south on the East side of Locust Street, about two blocks from the intersection. The evidence shows that at the intersection of Grace and Locust Streets there is a cement culvert forming a part of the walkway across the intersecting streets. That along the east side of Locust Street, extending back for some distance, is a ditch or waterway, and to bridge over this waterway at the street intersection a cement walk-way was bridged across this ditch, which at this point was from two and a half to three feet deep, and from four to six feet wide, there being no guards or siderails to prevent one from stepping off the walk into this ditch. This walk had remained in this condition some four or five years. Prior to its construction there was a wooden bridge over this ditch at the same place, whch bridge had railings.

There can be no question that the city in constructing this sidewalk, something like four feet wide, left the south side of the walk where it crosses the ditch unprotected, and that immediately south of the edge of the walk constructed was a ditch of the width and depth before described. The plaintiff and his son both

knew of this condition, as they passed there every day going from home to town and back. The street lights were not on, and they both testified that in order to avoid the chance of falling into this ditch, in crossing the sidewalk over it, they concluded that it would be best to not go entirely across Locust street and then turn south on the regular sidewalk, for to go there would require that they pass over this unprotected part of the walk, but thought it would be best and safer for them to turn south down the middle of Locust Street when they had proceeded east on Grace Street to the center of Locust Street. They both say that they thought they had reached the center of Locust Street, and the plaintiff turned to go south, thinking that he was in the middle of Locust Street when in fact he had gone too far east and was right on the part of the sidewalk that was over this unprotected ditch. When he stepped off to the south he fell into this ditch and was injured. Their testimony is to the effect that it was so dark they could not discern exactly where they were, but were doing all they could to take the center of Locust Street and proceed along it south to their home. It was also shown in evidence that the other streets leading from the store to the home were equally as dangerous and hazardous as the course which they undertook to go.

This is not a case where it is admitted that the plaintiff knew of a defective condition and thoughtlessly and carelessly forgot it and walked into it, but on the other hand is one where the dangerous place was known to the plaintiff and he was trying in the dark to avoid it. Neither does the evidence disclose such a condition as to make it so patently dangerous that no ordinarily prudent person would have attempted to go that way. A person has a right to use a sidewalk which he knows is dangerous, if he in such knowledge uses it with care to himself. It is not contributory negligence, as a matter of law, unless the defect is so glaringly dangerous that no prudent person would attempt to pass over

it. [Loftis v. Kansas City, 156 Mo. App. 683, 137 S. W. 993; Graney v. City of St. Louis, 141 Mo. 180, 42 S. W. 941.]

We cannot hold that his action as disclosed in this record could be, as a matter of law, declared contributory negligence, and we are clearly of the opinion that the condition described by plaintiff's witnesses made it a case for a jury to pass on the defendant's acts concerning its duty to the plaintiff and the public as to this sidewalk. [Gallagher v. City of Tipton, 152 Mo. App. 412, 133 S. W. 135; Kuntsch v. New Haven, 83 Mo. App. 174; Walker v. City of Kansas, 99 Mo. 647, 12 S. W. 894; Gibbs v. City of Monett, 163 Mo. App. 105, 145 S. W. 841.] We, therefore, overrule the appellant's contention in this regard and hold that the case is a proper one to go to the jury.

A number of objections are made to the instructions given on behalf of respondent going to the assumption of facts and commenting upon evidence. In this connection, we will state that the instructions are subject to the criticism of appellant, but we do not hold that in this regard they would work a reversal of this judgment, and in this respect we will call attention to the fact that the instructions erroneously refer the jury to the pleadings. This has been held in a number of cases, useless here to cite, as bad practice. There are, however, two glaring errors, either of which would prevent the affirmance of this judgment. The first is contained in instruction No. 1, given on behalf of respondent, which instruction is as follows:

"The court instructs the jury that it is by law made the *absolute* and *unqualified* duty of defendant City to keep its sidewalks and streets in a reasonable safe condition for the use of pedestrians using the same for travel, and if you believe from the evidence that the defendant City permitted its sidewalks or streets at the place mentioned in plaintiff's petition to be in a dangerous condition for travel and it so remained in a dangerous condition after it knew, or by the exercise of

reasonable care and caution could have ascertained the defective and dangerous condition of said sidewalk and street and that plaintiff at the place mentioned in plaintiff's petition, on account of said defective and dangerous condition of said sidewalk and street if any, without fault or neglect on his part, was injured thereby, your verdict should be for the plaintiff, in any sum not exceeding $2000. (Italics ours).

This instruction is clearly erroneous in the degree of care which is placed upon a city in the maintenance of its streets and sidewalks. It, by making it the absolute and unqualified duty of the defendant to keep its sidewalks in reasonably safe condition, makes the city an out and out insurer. The terms as used place a higher degree of care on the city than the highest degree of care. The rule has prevailed in this State for years that a city is only required to exercise reasonable and ordinary care and diligence in making its streets and sidewalks reasonably safe for the public. [Sprague v. City of St. Louis, 251 Mo. l. c. 629, 158 S. W. 16; Spalding v. Ziegler, 173 Mo. App. 698, l. c. 704, 160 S. W. 14.] It is held in Howard v. New Madrid, 148 Mo. App. 57, 127 S. W. 630, that a city is not bound at all hazards to keep its sidewalks in safe condition for travel, but is only bound to use ordinary care to keep them in a reasonably safe condition for travel by day and night. [Barnes v. City of St. Joseph, 151 Mo. App. 523, 132 S. W. 318.]

In the case of Albritton v. Kansas City, 192 Mo. App. 574, 188 S. W. 239, an instruction was condemned as containing reversible error in charging that "it is the duty of the city to keep its sidewalks in a reasonably safe condition for travel." It can be seen that the instruction in the case at bar goes much farther than the instruction quoted in the last case cited, for under the language given in the case at bar the city is made an absolute and unqualified insurer.

Respondent has cited the case of Bond v. City of Sedalia, 194 S. W. 740, in which the opinion contains

the following language: ''Whether or not it was the custom for the property owner to fix defects such as the one in this case would make no difference, as a city under the law of this State was under the absolute and unqualified duty to keep its sidewalks reasonably safe for pedestrians.'' Cases are cited also from Supreme and Appellate Courts of this State. On examination of that case and cases cited, it will be noted that the court was speaking of the general duty of tne city concerning streets and sidewalks, and was not undertaking to fix the degree of care required in performing that duty. In those cases the city was attempting to escape liability on the ground that it was someone else's duty, or that someone else was responsible for the condition which caused the injury, and the language used by the court was proper when considered in the light of the question that was being decided. There was no such question whatever in the case at bar, as it was conceded that the city had constructed this sidewalk and permitted the condition which existed on the night of plaintiff's injury for a long period theretofore. The error contained in this instruction is grievous and must reverse the judgment.

We also find an equally vicious condition in respondent's instruction No. 7. We will quote enough of it to point out the error:

''The court instructs the jury that if you find the issues for the plaintiff, then in estimating his damages you may take into consideration all of the mental and physical pain and anguish suffered by him, and all the future mental and physical pain and anguish, if any, that will result to him on account of said injury, also his loss of time from his business, if any, together with the value of said time, since the date of his injury, if any.'' . . .

It will be seen that this instruction permits a recovery or loss of time or loss of earnings from the date of the injury to the date of the trial. The petition contains no charge of any loss of time or loss of earnings.

It has been repeatedly held that in order to recover for loss of services or earnings from the date of the injury to the date of trial there must be a special charge in the petition. As stated in the case of Ferrier v. Schoenberg Merc. Co., 158 Mo. App. 533, 138, S. W. 893, the loss of past earnings is not a necessary consequence of personal injury negligently inflicted, and hence is not embraced within a general allegation of permanent injury but must be specially pleaded and proved. The same question will be found discussed with like conclusion in the following cases: Scholl v. Grayson, 147 Mo. App. 652,, 127 S. W. 415; Rush v. Street Ry. Co., 157 Mo. App. 1. c. 512, 137 S. W. 1039; Hitchings v. City of Maryville, 134 Mo. App. 712, 1. c. 716, 115 S. W. 473.

Instruction No. 2, given at plaintiff's request, is misleading, in that, it could be construed that although plaintiff was negligent and contributed to his injury yet unless the negligence was not at or immediately before he fell, his negligence would not defeat a recovery. The time within which a negligent act may have been performed is not an element to be considered, the question being whether the act was one of the producing or efficient causes which helped to bring about the injury.

Instruction No. 4 on contributory negligence in effect tells the jury that if they believe the plaintiff was not guilty of contributory negligence then he should recover. It leaves out the necessary finding which the jury must make, that is that the defendant was negligent.

The judgment will be reversed and the cause remanded for trial in accordance with the views herein expressed. *Sturgis, P. J.,* and *Bradley, J.,* concur.