THYRZA GALLAGHER, Respondent, v. THE CITY OF TIPTON, Appellant.

Kansas City Court of Appeals, November 16, 1908.

1. MUNICIPAL CORPORATIONS: Governmental Function: Negligence: Street Crossing.    A city may adopt a plan of improvements for draining its streets and constructing its crossings thereon without liability for the defects inherent in such plan; but negligence in the construction and maintenance of the instrumentalities called for by the plan produces liability for resulting injury.

2. ————: Negligence: Street Crossing: Instructions.    In an action to recover for an injury in stepping off a street crossing where it passes over the gutter because of the negligent failure to guard the same, it is error to permit a recovery if the injury might have resulted had there been a proper railing, since the injury must occur because of negligence. [Loewer v. Sedalia, 77 Mo. 431, distinguished and approved.]

3. ————: ————: ————: Evidence.    In this case it is held error to permit a witness to testify as to the necessity of the gutter since that was a question for the jury.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin*, Judge.

REVERSED AND REMANDED.

*W. F. Quigley, R. M. Embry* and *C. D. Corum* for appellant.

(1) Instruction numbered two is palpably erroneous. The instruction is further erroneous and more glaringly so, because it advised the jury that a railing or other guard on the crossing was necessary. (2) Instruction numbered one, is likewise susceptible to just criticism. It begins by saying that certain facts are uncontradicted.

*A. L. Shortridge* and *W. D. Steele* for respondent.

(1) The court would have been justified in assuming that respondent received her injury in the manner charged as there was no evidence to the contrary. Campbell v. Stanberry, 105 Mo. App. 56. (2) This instruction has been given, and approved by our Supreme Court. Loewer v. Sedalia, 77 Mo. 431. (3) Plaintiff's first instruction is criticised in that it states certain evidence is uncontradicted. It states that it is the uncontradicted evidence that defendant is a city of the fourth class. If defendant wished to deny this it should have been done by affidavit. R. S. 1899, sec. 746; Campbell v. Stanberry, 105 Mo. App. 56; Walker v. Kansas City, 99 Mo. 652.

ELLISON, J.—This action is for personal injuries received by plaintiff which she alleges was through the negligence of defendant in failing to keep one of its streets in repair. The judgment was for the plaintiff in the trial court.

The defendant is a city of the fourth class and maintained its streets by excavating gutters or drains on the sides of the roadway and elevating the roadway

in the center and by constructing sidewalks near the lines of the streets. To connect these walks crossings were put in at street intersections. At the place where plaintiff was injured the gutter was shown to be somewhere between two and two and one-half feet below the crossing at that point. Tiling, about five feet in length and fifteen inches in diameter, was placed in the gutter under the crossing with gravel on top of it and on this was placed a flag stone three feet wide and near six inches thick. There was no railing, nor was there a light, and this constituted the crossing over which pedestrians passed to the sidewalk.

Plaintiff, with her husband and sister-in-law, had been attending a night church meeting near-by and were returning home. She was familiar with the crossing. On arriving at the gutter her sister-in-law passed over first, plaintiff following with her husband just behind her. Plaintiff stepped off the edge of the crossing and fell into the gutter, receiving injuries, the severity of which is not questioned by defendant and therefore need not be dwelt upon.

Defendant insists that no case was made for the plaintiff and that its demurrer to the evidence should have been sustained. We concede that towns and cities must be allowed to maintain their streets with gutters or drains on the sides so as to carry away surface waters, thereby improving the street for travel and protecting the health of the inhabitants; and that, necessarily, there must be a covering over the gutter at crossings, making a passage way for the convenience of the people in passing from one side of the street to the other. This way over the gutter is, ordinarily, in some degree, greater or less, more dangerous than the crossing at other points. But notwithstanding this, it is yet the duty of the city to maintain it by some mode reasonably adapted to keeping it in a reasonably safe condition

when considered in the light of the plan adopted by the city.

In coming to a proper conclusion as to whether the city was guilty of negligence, it is necessary to consider the right of the city to adopt plans for its improvement and for the safety of its inhabitants. A city has a right in its governmental capacity to adopt the plan of having its streets thrown up in the center with gutters or drains on either side to take off surface water, and to adopt a plan of street crossings, including a way over the gutter. If an injury results from a danger inherent in the plan adopted, the city is not liable. But if the danger has arisen from negligent construction or maintenance of the plan, it is liable. [Ely v. St. Louis, 181 Mo. 723.] Thus a city may adopt a wooden sidewalk. It may not be as safe, under some conditions, as one of stone, yet the city would only be liable for a negligent construction or maintenance of the wooden walk. It is common knowledge that towns and cities have the plan of drainage gutters on the sides of the streets with covering at crossings for the passage of pedestrians. It would be a startling announcement to say that the city incurred liability to any one injured by stepping off the cover into the gutter; and we would hold that plaintiff was without standing in this case, as a matter of law, were it not that there was some evidence tending to show that the gutter was negligently constructed or maintained in carrying out the plan. It may be that it was permitted to cut or wash out to an unnecessary depth; or, if at that place a depth was needed greater than that required for the ordinary course of the gutters of the city, it may be that either a light or a railing was necessary to the reasonable safety of the place, and the absence of both would make out negligence on the part of the city. Plaintiff is but little supported by the case of Loewer v. Sedalia, 77 Mo. 431. For that case did not involve the suggestions here made. In

that case there was a ravine in the street twelve or fifteen feet deep over which an unguarded bridge had been built. In this case, in view of what we have stated, it would be proper to give defendant's refused instruction numbered 12.

After considering the evidence and applying it to the suggestions just made, we have concluded that the case made by the plaintiff was one for the jury. We cannot say as a matter of law that defendant was not negligent, nor can we say that plaintiff was guilty of contributory negligence as a matter of law.

The court gave for plaintiff an instruction which we believe allowed or authorized a verdict for her though she may have been liable to the same mishap had the crossing been guarded as submitted in the instruction. There was evidence in the cause which tended to show that plaintiff got into the gutter in a way which a railing would not have prevented. And yet the court directed that if the jury believed "a railing or other guard was necessary for safety, as instructed by the court, and that plaintiff in the exercise of such (ordinary) care received the injuries complained of, then they will find the issues for the plaintiff." In support of this instruction plaintiff relies upon Loewer v. Sedalia, supra. In that case there was an instruction (No. 3 for plaintiff, found at page 438), which was like the one given for this plaintiff except that it was qualified by the words "which he would not have received had defendant placed a railing or other proper protection on the bridge." In view of the evidence in this case such qualification was far more necessary than in that case. Again, in an instruction in that case given of the court's own motion, found at page 443 of the report, the jury was required to find not only that the defendant therein was guilty of negligence in not having the railing, but that through such fault and negligence the plain-

tiff stepped off the bridge. If the care thus taken to protect the defendant was thought necessary in that case, it is much more necessary in the one at bar, for in that case the bridge was over a deep ravine (not necessary for the street), while here it was a drainage gutter, at most only two and one-half feet deep.

In considering objections to plaintiff's first instruction it is well to remark that in taking instructions from other cases care should be observed to see that the cases are so nearly alike in the character of negligence shown as to make a direction in one apply to the other. Negligence is a relative term and what would be negligence in one situation might not be in another. [Foster v. Swope, 41 Mo. App. 137.] In the Loewer case an unnecessary and deep ravine bridged in a street is a far different condition from a drainage gutter with a stone crossing over it on the side of a street. Therefore, it would be better and more conducive to a fair trial to omit from that instruction the special reference given to the width and heighth of the crossing and the danger of falling from it, and substitute therefor that the jury should consider the character of the crossing and the purpose for which it was maintained.

Error was also committed in permitting witness Zoll to be asked if it was necessary to have or permit the drain or ditch. That was a matter for the jury in view of all the evidence and was not a matter of opinion from a witness. [Goble v. Kansas City, 148 Mo. 477; Benjamin v. Railroad, 133 Mo. 289; Brown v. Railroad, 89 Mo. 155; Koenig v. Depot Co., 173 Mo. 721.]

The judgment is reversed and the cause remanded. All concur.