HARRIET M. HAYS, Respondent, v. CITY OF COLUMBIA, Appellant.

Kansas City Court of Appeals, November 20, 1911.

1. MUNICIPAL CORPORATIONS: Streets: Negligence: Governmental and Ministerial Duties. On account of the depth of the gutters in the streets, the city of Columia used gutter crossings, consisting of plank platforms bridging over the gutters at each sidewalk crossing a street. None of these platforms was fastened down, each keeping its position by its own weight. While plaintiff was passing over one of these platforms it slipped from the curb and she fell and was injured. In her action for damages plaintiff charged that the defendant was negligent in failing to properly fasten the platform so it would not slip. As this platform was maintained like all the others, the fault was in the plan fixed by the city and not in the method of carrying out that plan, and plaintiff has no cause of action.

2. ———: ———: ———: ———: In the improvement of its streets, a city acts in two capacities, governmental and ministerial. If an injury results from a danger inherent in a plan adopted by a

city, the city cannot be punished in damages, because a lawful exercise of legislative action cannot create a culpable wrong. But if the injury results from negligent construction or maintenance of the place, there is a breach of the city's ministerial duty, and it is liable.

3. ———: ———: ———: Burden of Proof. The evidence showing that these unfastened gutter crossings were in general use, the burden was not upon the defendant to establish the formal adoption by the city of that general plan.

4. PLEADING: Issues Triable. Plaintiff must recover on the cause asserted in her petition.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

REVERSED.

*W. H. Rothwell* and *E. W. Hinton* for appellant.

The construction of wooden gutter crossings, held in place by their own weight, was not negligent, because the liability of such crossings to become misplaced, if a defect at all, is one inherent in that sort of crossings, and for such errors of judgment on the part of the governing board in adopting and using them the city is not liable. Urquart v. City, 91 N. Y. 67; Augusta v. Littlefield, 115 Ga. 124.

*M. J. Lilly* and *Hunter & Chamier* for respondent.

JOHNSON, J.—This is a suit for damages for personal injuries plaintiff alleges she sustained in consequence of the negligence of defendant, a municipal corporation, in the construction and maintenance of a way provided for pedestrians on one of the public streets of the city. Plaintiff recovered a judgment for $2500 in the circuit court and defendant appealed.

The injury occurred November 6, 1907, at the corner of Ninth and Broadway streets in Columbia.

For some years both streets had been macadamized and on account of the elevation of the sidewalks above the gutters, had been provided with gutter crossings which were board platforms of uniform construction throughout the city. Each platform was four or five feet long, about three and one-half feet wide, and consisted of four two-by-ten boards held together by cleats to which the boards were nailed. When in place each platform extended across a gutter at a street crossing in a manner to afford a way for pedestrians over the gutter. One end of the platform was beveled and placed on top of the curb, the other end rested on the macadam across the gutter. These platforms had been in general use all over the city for many years and we find the evidence shows conclusively that none had been fastened down or provided with any appliance to keep it in position. Consequently it often happened that such platforms would be displaced by wagon wheels striking them or by other causes. Broadway street runs east and west, Ninth street north and south and there is evidence tending to show that during the period the streets were macadamized a platform of the kind described had been maintained at the northeast corner of the street intersection on the crossing of Broadway for pedestrians traveling along the east side of Ninth street. This platform had never been fastened down but had been held in place only by its own weight. Some time before the injury granitoid sidewalks had been laid on the east side of Ninth street and the north side of Broadway, and in 1906, Broadway had been repaved with brick. The evidence of plaintiff tends to show that the board platform was continued in use after the repaving of the street though the top of the curb then was only fourteen or fifteen inches above the gutter. Ninth street was being repaved at the time of the injury and its roadway for vehicles

159 App.—28

was closed to travel by means of ropes stretched across the street at street intersections. The barrier at Broadway was at a place to interfere with travel along the north side of that street and to compel pedestrians to make a detour into the roadway to avoid the obstruction. Plaintiff was traveling westward on the sidewalk on the north side of Broadway. When she reached the northeast corner of the intersection at Ninth street, she observed the crossing was obstructed and, proceeding to go around the obstruction, she stepped on the platform we have described. It had become displaced in some manner and slipped from the curb as she stepped upon it. The fall of the platform from the curb caused her to fall and to receive the injuries of which she complains.

The cause of action pleaded in the petition is that defendant "negligently and carelessly failed to provide a fastening or means by which to prevent said platform from slipping and sliding and falling to the pavement, thereby rendering it unsafe and dangerous to the traveling public."

This charge does not relate to negligence in failing to discover and repair a defect caused by ill repair or accidental displacement of the gutter bridge but to a defect in construction consisting of the absence of fastenings to hold the bridge in position. Plaintiff must recover, if at all, on the cause asserted in her petition and the burden of proof is on her to show that her injury was caused by the omission of defendant to fasten the bridge and that such omission was a breach of some ministerial duty defendant owed to pedestrians using that sidewalk and crossing.

In the improvement of its public streets a city "acts in two capacities, first, governmental, second, ministerial." [Ely v. St. Louis, 181 Mo. l. c. 729.] For the things a city does in the exercise of its governmental powers it cannot be punished in damages for the obvious reason that a lawful exercise of legislative

action cannot be a wrong.   As was well said by Chief Justice Cooley in Lansing v. Toolan, 37 Mich. 153: "In planning ·a public work a municipal corporation must determine for itself to what extent it will guard against possible accidents.   Courts and juries are not .to say it shall be punished in damages for not giving to the public a more complete protection . . . that would be to take the administration of municipal affairs out of the hands to which it has been entrusted by law.  ·What the public have the right to require of them is, that in the construction of their work after the plans are fixed upon, and in their management ofterwards, due care shall be observed; but negligence is not to be predicated of the plan itself."

We recognized this rule in Gallagher v. Tipton, 133 Mo. App. 557, where we said:   "If an injury results from a danger inherent in the plan adopted the city is not liable.   But if the danger has arisen from negligent construction or maintenance of the place, it is liable."   It is manifest the defect of which plaintiff predicates negligence was inherent in the plan of street inprovements pursued in Columbia for more than fifteen years and not in the construction or maintenance of the particular gutter bridge under consideration.

Plaintiff appears to think since defendant did not introduce evidence of the formal adoption by the municipality of a general plan which included the mode of constructing gutter bridges followed for so many years, that we must assume the defect was due to ministerial and not governmental action.   The only reasonable interpretation of the evidence before us is that gutter crossings were not provided with appliances for holding them in place and were not fastened down, and the conclusion is irresistible that plaintiff has failed to adduce any proof that defendant negligently failed in the performance of any ministerial duty it owed the public.   In effect the argu

ment of plaintiff is an attempt to shift her burden of proof and to cast it on her adversary. As all the evidence discloses indisputably that the defect alleged was one pertaining to the general plan of street improvement adopted and pursued by the city, it follows that plaintiff cannot maintain the action and that the learned trial judge erred in overruling defendant's request for a peremptory instruction. The judgment is reversed. All concur.