# GUS TRIPPENSEE, Respondent, v. CITY OF JEFFERSON, Appellant.

### Kansas City Court of Appeals, December 1, 1913.

1. **PERSONAL INJURIES: Sewer Inlet: Defective Construction.** This is an action by plaintiff to recover compensation from the defendant city for personal injuries he sustained from falling into a sewer inlet in a public street. A sheet iron cover for the inlet became slightly and dangerously, but not noticeably, displaced, when the plaintiff following the ordinary course of a pedestrian stepped upon the cover, which gave way, causing his foot and leg to slip down into the sewer, whereby he was injured. There was evidence tending to show a defective construction of the hooks that held the cover in place. *Held*, that if an injury results from a danger inherent in the plan adopted, the city is not liable, but, if the danger has arisen from negligent construction or maintenance of the place, it is liable.

2. ——: ——: ——: **Notice.** Where, in the original construction of a sewer by the city of which it was charged with notice from the beginning, and which it was under a continuing duty to repair, actual or constructive notice of such defect is not necessary to render the city liable.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*Jas. H. Lay* and *A. T. Dumm* for appellant.

*Irwin & Peters* for respondent.

JOHNSON, J.—Plaintiff sued defendant, a city of the third class, to recover damages for personal injuries he sustained from falling into a sewer inlet in one of the public streets. A sheet iron cover for the inlet became slightly and dangerously but not noticeably displaced in such manner that when plaintiff, who was following the ordinary course of pedestrian travel, stepped upon it, the cover gave way causing his foot

and leg to slip down into the sewer opening. The petition alleges that defendant was negligent in the construction, emplacement and maintenance of the cover in a position where it would be subjected to displacements that would make it unsafe to pedestrians.

The answer, in addition to a general denial, alleges contributory negligence and that the injury of plaintiff was due to a danger inherent in a general plan adopted by the city for the construction of such inlets and their covers.

A trial in the circuit court resulted in a verdict and judgment for plaintiff in the sum of two thousand dollars. Defendant appealed and contends that the court erred in refusing its request for a peremptory instruction. The injury occurred January 23, 1912, at the northeast corner of Broadway and High streets. Plaintiff and a companion walked west on the sidewalk on the north side of High street until they came to the corner just mentioned, when they turned south, intending to cross High street and walk along the east sidewalk on Broadway. There is evidence tending to show that the sewer opening was in High street near the corner and in the way of pedestrians. It was three feet long by two feet wide and was constructed of cement. The sheet iron cover was three feet long and two feet, one inch wide. The end which came to the top of the curbstone was provided with two iron straps bent down at the ends in the form of hooks which were placed over the inside of the curb to prevent the cover from slipping forward or falling down into the opening. The other end of the cover rested in the gutter at the outer edge of the opening. There is no space between the curb and sidewalk as a general rule in the defendant city but in this instance there was a washed-out place inside the curb that left it isolated with the result that there was nothing to prevent the cover from being pushed backward by the wheels of vehicles passing over its outer end, since the

hooks were left without the resistance to such pressure usually offered by the sidewalk between which and the curb they were designed to be inserted. The lack of this back wall also had the effect of making the cover more susceptible to lateral displacements resulting from side collisions with the wheels of passing vehicles. There is evidence tending to show that the cover had been slightly moved both backward and laterally, with the result that one corner of its outer end was in the air, over the concavity, so that the cover gave way at that side under the weight of plaintiff, causing his foot and leg to slide down into the sewer opening. It appears that covers of this type were in use at some other inlets in the city and we are willing to concede (though the proof of the fact is most unsatisfactory and unconvincing), that the employment of such covers was pursuant to a general plan of construction adopted by the city. But the evidence of plaintiff strongly tends to show that his injury was not caused by a defect or risk common to all covers of this type, but to a defect caused by the negligent manner in which the top end of the cover was attached to the curb—a defect peculiar to this particular structure. The rule is well settled in this State that "if an injury results from a danger inherent in the plan adopted the city is not liable, but if the danger has arisen from negligent construction or maintenance of the place, it is liable." [Gallagher v. Tipton, 133 Mo. App. 557; same case, 152 Mo. App. 412; Hays v. City, 159 Mo. App. 431; Nelson v. Kansas City, 170 Mo. App. 546; Ely v. St. Louis, 181 Mo. l. c. 729.] The act of the engineer in allowing hooks which were designed and intended to hold the cover in a fixed position. to be placed where they could be freely moved backward or to either side was clearly ministerial and was in opposition to the obvious purposes of the general plan of construction adopted by the city while acting in its governmental capacity. The evidence does not show,

nor does the defendant contend here that plaintiff was guilty in law of contributory negligence. The court did not err in overruling the demurrer to the evidence.

Point is made that the court erred in refusing to instruct the jury that defendant was entitled to actual or constructive notice of the displacement of the cover. The displacement in issue appears from the evidence of plaintiff to have been, not the result of an accidental or wrongful act of another, but the natural consequence of negligence "in the original construction by the city of which it was charged with notice from the beginning and which it was under a continuing duty to repair." [Barr v. City, 105 Mo. l. c. 557.]

The evidence of defendant tends to show that the displacement was due to a cause inhering in a general plan of construction. If plaintiff is right (and the jury so decided) defendant had notice of the defect from the beginning. Under the hypothesis of defendant's evidence, notice of a defect due to adherence to a general plan could not have served to create a duty on the part of the city to remedy such defect. So it appears there could be no proper issue of notice in this case.

The objection to the instruction on the measure of damages is found to be not well taken. Nor do we find evidentiary support for the point of excessive verdict. The case was tried without prejudicial error.

Affirmed. All concur.