E. L. WHITE and STELLA R. WHITE, Respondents, v. CITY OF SPRINGFIELD, Appellant.

Springfield Court of Appeals, March 12, 1915.

1. MUNICIPAL CORPORATIONS: Defectively Constructed Streets: Water Caused to Stand. A city is liable for damages where in the surfacing of a street, the cement was so unevenly and negligently laid as to allow the water to collect and stand in the street in front of the plaintiff's property instead of running off in the gutters.

2. ———: Street Improvements: Changing Surface. Merely changing the surface of a street whereby a greater quantity of water is caused to be carried off by the gutters installed, is such an incidental change as goes with the ownership of the property and does not entitle the owner to any compensation.

3. ———: ———: Damages from Surface Defects: Temporary. Where the surface of a street was covered with cement so unevenly that depressions resulted in front of plaintiff's property wherein water collected and stood, the negligence was in the construction and not in adopting a defective and negligent plan. The unevenness can be easily remedied and the damages are temporary.

4. DAMAGES: Injuries to Real Estate: What Ordinarily Comprehended. Ordinary actions for injury to real estate are only for the recovery of damages up to the commencement of the action.

5. STREET IMPROVEMENTS: Change of Grade: Permanent Damages. Where the change of grade in a street is made so as to damage the property adjacent the damages are permanent.

White v. City of Springfield.

6. **MUNICIPAL CORPORATIONS: Street Improvements: When City Excused for Defects: When Not.** The rule that a city is relieved from liability in case of the adoption of a defective plan for improving a street through error of judgment on account of which an injury to a traveler results, does not apply to a plan adopted by a municipality where such plan takes or damages private property for public use.

7. ———: ———: **Acceptance by City: Liability on City Thereafter.** In municipal street improvements where the contractor has turned the work over to the city and it has been accepted, the contractor is relieved from further liability to third persons by reason of the condition of the work. Responsibility then rests upon the city.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

REVERSED AND REMANDED.

*Fred A. Moon* for appellant.

(1) The two counts are inconsistent. Each denies the other. The first alleges, that the acts were the acts of the city, that is, were authorized by valid ordinances; while the second count, states that the acts were not the acts of the city, by stating that they were done under void and pretended resolutions or ordinances, or contracts. (An act to be that of the city, must have been authorized by a valid ordinance. Bigelow v. City of Springfield, 162 S. W. 750). Where proof of one count necessarily disproves the other, the two counts are inconsistent. Enterprise Soap Works v. Sayers, 51 Mo. App. 310; Suter v. Bischoff, 63 Mo. App. 157. And where two counts are inconsistent, it is prejudicial error for the trial court to refuse to require plaintiff to elect. Enterprise Soap Works v. Sayers, 51 Mo. App. 316. (2) The court committed reversible error in refusing to sustain appellant's objection to the introduction of any evidence on the ground, that the petition did not state a cause of action. The two counts denying each other, one destroys the other. Gabriel

v. Railroad, 130 Mo. App. 654; Sherman v. Rockwood, 26 Mo. App. 403; McKee v. Cottle, 6 Mo. App. 416; England v. Denham, 93 Mo. App. 13; Adams v. Trigg, 37 Mo. 141. (3) The damage, if any, to respondents' property, was caused by and resulted from a defective plan or scheme of improvement, for which a city is not liable. Foster v. St. Louis, 71 Mo. 157; Stewart v. Clinton, 79 Mo. 611, 612; Hines v. Marshall, 22 Mo. App. 214; Hays v. Columbia, 141 S. W. 3; Gallagher v. Tipton, 112 S. W. 674; McGrath v. St. Louis, 114 S. W. 611. (4) The work was done by the independent contractor Koch, hence, any negligence in the construction thereof was the negligence of an independent contractor, for which negligence the city is not liable. McGrath v. St. Louis, 215 Mo. 191.

*O. T. Hamlin* for respondents.

(1) The court committed no error in overruling the motion seeking to require an election by respondents. This motion was too late. The answer of appellant was filed on the 18th day of September, 1913, and had never been withdrawn, but still of record on the 11th day of March, 1914, when this motion was filed and overruled. The motion was waived by answer and could not be considered as long as the answer remained of record. Paddock v. Somes, 102 Mo. 226. (2) The counts were not inconsistent.

FARRINGTON, J.—The plaintiffs own a lot in the city of Springfield, Missouri, facing south fifty feet in width on Division street, and one hundred and eighty feet lengthwise on Broad street, on which they have a storehouse and a dwelling house fronting on Broad street.

The defendant is a city of the third class.

Plaintiffs recovered a judgment against defendant in the sum of $550 as damages alleged to have been oc-

casioned by reason of the defective construction of a cement pavement on Broad street. The jury returned a verdict for $900, but a remittitur of $350 was entered by plaintiffs and the court overruled defendant's motion for a new trial.

The suit was originally brought against the city and V. E. Koch, the contractor who put in the improvement, but was dismissed as to Koch and judgment went only against the city.

The recovery is based on a petition which charged that "in the construction of said roadway and curbing, the defendants negligently and carelessly caused same to be flat or even on the west side of Broad street between Locust and Division streets to such an extent that the water would not run off of said street between said points, but stood in pools and ponds and became stagnant and foul; that by reason of the negligent construction of the improvements aforesaid, and· the change in the grade of said street by defendants, surface water from various sources was collected and conveyed on said street in front of the property of plaintiffs and there collected whereas prior to said improvements no surface water collected or remained at plaintiff's property. . . . And that said curbing and paving along the entire length of said lot was negligently constructed and since the time of its construction has been negligently maintained in the condition aforesaid, so that the surface water flowing in and along the street from the north and west stops and stands on said street along and beside plaintiff's property, while prior to said time no surface water was collected and conveyed to plaintiffs' property and permitted to stand and remain at and near as it does at the present time."

There is no evidence that the defendant in any way changed the grade of the street—other than the ·incidental leveling of the same in paving—or that it caused any surface water to invade or run on plaintiffs' property.

The plaintiffs' evidence tended to prove that the pavement was so constructed as to have uneven places in it which caused small pools of water to stand in and along the gutter in front of plaintiffs' property. There is no evidence that the damage was caused by the collection of any surface water from up or down the street, but that owing to the depressions and unevenness in the surface of the gutter and street, the rain that fell in front of plaintiffs' property. in the street and along the block would flow from the crown or center of the street to the gutters where such depressions would hold a portion of such surface water, and owing to the unevenness caused by negligent and faulty construction these pools would remain until at times the water would become stagnant and at other times it would be frozen.

Here, the defendant's evidence tended to show that it did nothing but level the street up to the established grade and surface the street with cement where earth had been before. This would necessarily prevent the water that fell in the street from percolating through the ground and such water could only escape by flowing to the gutters and following the grade that was there before the improvement was constructed, or by the process of evaporation. From Locust street to Division street, which is the block plaintiffs' property is on, there is a fall of one foot nine inches. With that much of a fall to the block (which was the grade of the street) a cement pavement and gutter properly constructed would of course carry off the water, provided the cement was laid smoothly, and so as not to contain pockets or depressions in which the surface water would collect and be held. The city would not be liable for the consequences of the increased flow of surface water that the pavement required the gutters to carry, provided it caused the cement covering to be laid so as to properly drain the street and so as not to contain pockets. The evidence of plaintiffs we think

tends to establish the fact, not that there was an insufficient grade to the street in order to drain it, but that there was a negligent laying of the cement to that grade so as to make the surface of the cement not conform to the grade throughout the block. This would be a negligent construction and injuries caused therefrom entitled plaintiffs to damages. The evidence shows, however, that these pockets or depressions were at most of slight depth—two to three inches—and the damage from this cause alone is not very great. The first instruction given by the court at plaintiffs' request does not confine the jury to a finding for plaintiffs on a negligent construction but is so framed that it authorizes a verdict in favor of the plaintiffs if the jury believed that defendant should have raised or lowered the street so as to make a different grade and placed liability on a broader ground than was established by the evidence and allowed by law.

It is held in the case of Davis v. Railway Co., 119 Mo. 180, l. c. 189, 24 S. W. 777, that the constitutional provision is not broad enough to cover every possible damage that may result to a property owner from making public improvements.

It is held in Alton v. City of Columbia, 145 Mo. App. 182, l. c. 184, 129 S. W. 980, that one who dedicates a street (and his assigns) give implied assent to such improvement as will put the street in condition for safe and reasonably convenient use upon or near the natural surface, and that he is not entitled to consequential damages for the establishment of a grade which does not materially change the natural grade. [See, also: Waldron v. Kansas City, 69 Mo. App. 50; Strauss v. City of Allentown, 215 Pa. St. 96, 7 A. & E. Ann. Cas. 686; and 6 McQuillin on Mun. Corps., pp. 5571, 5572.]

An owner of property abutting a street certainly holds it subject to the right of the municipality, which has complete control of the street, to put such surface

thereon as in its judgment is best, and a change merely of surface which causes a greater volume of surface water to be carried off by the gutters installed is such an incidental change as goes with ownership of such property, provided the surface of the street and the gutters are so constructed as to carry off the drainage in a reasonable time.

Plaintiffs' testimony as to the defective and negligent construction shows that the trouble complained of was a slight variation of the surface of the cement laid along near the curb or gutter line; that is, the cement had at places not been laid evenly which caused depressions, in which the water would stand; and that it was not by reason of a defective or negligent plan adopted. It being apparent that this unevenness is a matter that can be readily remedied by removing enough of the uneven surface to make the surface of the street and gutter conform to the natural grade, the damages should be treated as of a temporary character. [Carson v. City of Springfield, 53 Mo. App. 289.]

In the case of City of Louisville v. Coleburne (Ky.), 56 S. W. 681, along a street in front of plaintiff's property for a distance of one hundred and sixty-one feet plaintiff's property was damaged owing to the negligence and want of skill and care on the part of the officers of the city in grading and paving the street so as to cause surface water to accumulate and stand in the gutter next to the curbing, emitting foul and loathsome odors to such an extent as to poison the atmosphere. It was held that the damages were of a temporary and not of a permanent character.

In our case there is evidence that the pools of water were, to a certain extent at least, caused to be formed and held by the dirt and debris lodging on the projections of the uneven surface of the gutter. Damage arising from this would of course be temporary only.

It is also the general law that ordinarily actions for injury to real estate are only for the recovery of damages up to the commencement of the action.

Where the change of grade in a street is made so as to damage property, the damages are necessarily permanent, because, regardless of the surface that may from time to time be placed on such street, it is the intention when the grade is established that it remain the same, or, in other words, be permanent. But where it is shown that pools of water are formed because of an uneven laying of the cement—in some places higher than others, made so by a negligent laying of the cement, which surface must from time to time be changed when the street is resurfaced, and which fault complained of can be abated by making the surface of the cement covering smooth—this is not such a nuisance as will entitle the plaintiffs in this case to recover damages to their property for all time to come.

In view of the fact that this case will be subject to retrial it may be well to advert to the point relied on by counsel in the brief that the city would be relieved from liability if it were an error of judgment in the plan adopted, to support which, cases are cited such as Hays v. City of Columbia, 159 Mo. App. 431, 141 S. W. 3; Gallagher v. City of Tipton, 133 Mo. App. 557, 113 S. W. 674; and McGrath v. City of St. Louis, 215 Mo. 191, 114 S. W. 611. Those cases do not apply to this character of case; they are dealing with personal injuries and not with damage to property, which, under the constitution must be compensated for.

It is said in 6 McQuillin on Mun. Corps., p. 5429, that the same rule that governs a defective plan adopted resulting in injury to a traveler does not apply to a plan adopted by a municipality where such plan takes or damages private property for public use. A plan adopted by a city which would take or damage private property for public use if executed would make the city liable to the owner in damages to the same ex-

tent that a negligent construction under a good plan would make the city liable.

Nor is the defense good that was made in this case that the city was relieved of the consequences of a negligent construction because it was the act of an independent contractor. It is said in 26 Cyc. 1566: "If the work is completed the contractee is responsible for injuries thereafter resulting from its imperfect construction or dangerous condition in which he permits it to remain, especially after the contractee has accepted the work." 1 Thompson on Negligence, sec. 686, announces the rule that if the contractor has turned the work over and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work; responsibility is then shifted to the proprietor. There is no privity of contract between the independent contractor and strangers or third parties, and no duty on his part as to them. His contract is with the city and his liability would only arise and continue to third parties for injuries that occur going to the execution of his contract and not such as arise out of the result of his work to third parties after acceptance by the city. [Thompson on Negligence, sec. 687.] This same doctrine is recognized in the case of Uppington v. City of New York, 165 N. Y. 222, 53 L. R. A. 550. An employer is liable when he has ratified or adopted the unauthorized acts and wrongs of an independent contractor. [Atlanta and Florida R. R. Co. v. Kimberly, 87 Ga. 161, 27 Am. St. Rep. 231.] It is stated in McGrath v. City of St. Louis, 215 Mo. 191, 114 S. W. 611, that an independent contractor is one who renders service in the course of an occupation, representing the will of his employer only as to the *result* of his work.

For the reasons herein appearing the judgment is reversed and the cause remanded. *Robertson, P. J.,* and *Sturgis, J.,* concur.