JOHN REED, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals. December 1, 1924.

1. **MUNICIPAL CORPORATIONS: Duty of City to Exercise Ordinary Care to Keep Its Streets Reasonably Safe for Travel.** City only required to exercise ordinary care to keep its streets in a reasonably safe condition for travel.

2. ———: Instructions: Instruction Held Not Erroneous as Requiring City to Exercise More Than Ordinary Care to Keep Its Streets Reasonably Safe for Travel. An instruction that it was the duty of city to keep its streets in reasonably safe condition for use of vehicles traveling thereon, "and to exercise ordinary care and supervision over the same for this purpose," *held* not erroneous as placing too great a burden upon city because it does not require city to exercise more than ordinary care to keep its streets in a reasonably safe condition.

3. ———: In Determining Due Care of City as to Condition of Street, Amount of Travel and Use Thereof Must be Considered With All Other Facts and Circumstances. The standard of due care of city to keep its streets reasonably safe for travel is the same regardless of the size of city, or whether there is much or little travel upon street, but in determining what is due care all facts, circumstances and surroundings, including the amount of use to which street is subjected, should be considered.

4. INSTRUCTIONS: Instruction Taken as a Whole Held Not Erroneous as Authorizing Recovery, on Hypothesis That Slope of Bridge Approach and Narrowness of Street, Together With Hole Therein, Were Objectionable Defects. An instruction authorizing finding for plaintiff, if highway was rendered not reasonably safe for travel by horse-drawn vehicles by reason of width, descent or grade of paved approach to bridge, and hole and depression, *held* not erroneous as permitting a recovery upon hypothesis that slope of approach to bridge, and narrowness of street, together with hole, were *objectionable defects*.

5. APPEAL AND ERROR: Matter Not Supported by Pleadings and Therefore Outside Issues Cannot be Considered on Appeal. In action for personal injuries caused by hole in soil at edge of pavement of bridge approach, the fact that no complaint of surface of the approach was made by plaintiff, cannot be considered on appeal because such question is not supported by pleadings and outside the issues.

6. NEGLIGENCE: Whether Plaintiff's Team Was Running at Time of Injury, Caused by Hole in Street, Held for Jury. Where there was a conflict in the evidence, question of whether plaintiff's team was running at time of injury caused by depression in street, *held* for jury.

Appeal from the Circuit Court of Buchanan County.— *Hon. Thos. B. Allen,* Judge.

AFFIRMED.

*O. E. Shultz* and *F. H. Miller* for respondent.

*Lewis C. Gabbert, J. V. Gaddy* and *W. J. Sherwood* for appellant.

ARNOLD, J.—This action in damages for personal injuries alleged to have been received by plaintiff on June 21, 1923, is based on certain alleged defective conditions of a public thoroughfare and approach to a bridge in defendant city.

The facts show that Lake Avenue and Alabama Street in the city of St. Joseph, Mo., are intersecting public thoroughfares maintained by defendant; that at or near said intersection is a bridge spanning a small creek known as Brown's Branch. The south approach to said bridge slopes for a distance of about fifteen feet, and is of concrete construction. The said slope from the bridge proper is rather precipitous, being a drop of three or four feet in its full length. Lake Avenue runs north and south and is paved; Alabama Street extends east and west and is paved west from the approach to the bridge, but is not paved from the east line of Lake Avenue, and is a dirt road. At the southeast corner of the intersection and built almost flush with the two streets is a store building with a porch, thus rendering the turn into Alabama Street very sharp. It appears the approach was made necessary in order to afford a crossing over Brown's Branch, on each side of which there was an embankment to prevent flood waters from overflowing adjacent property.

Plaintiff, a teamster owning his own team, was employed at the time of the accident by one Fuqua, a manufacturer or dealer in ice, and was engaged in delivering ice in the vicinity of the bridge above mentioned, and was using for that purpose his own team and a spring wagon belonging to Fuqua.

The petition alleges that while plaintiff was riding in the said wagon drawn by his team, going south on Lake Avenue on his way home, two blocks south and two blocks east of the intersection of Lake Avenue and Alabama Street, he crossed the bridge over Brown's Branch, applied the brake to his wagon and turned east into Alabama Street, a very sharp turn; that there was a hole about ten to twelve inches deep in the soil at the edge of the concrete, possibly two-thirds of the way down the approach, worn therein by wagons and other vehicles as the wheels thereof dropped from the edge of the concrete on to the soil; that when the wheels of his wagon, so turning east into Alabama Street, passed from the pavement on to the dirt, the right wheel thereof dropped into said hole, tilted the wagon, and plaintiff was thrown out, sustaining certain injuries which are enumerated. Plaintiff was alone at the time excepting that one Joe Hurd, who was not injured, was riding with him on the driver's seat.

The petition alleges there was "a defective and dangerous street and walk and public thoroughfare, which defective and dangerous condition was located as follows: The south concrete or paved approach to the bridge situated in said intersection, and which bridge spans a creek at that point, and a hole or depression at the east side of said paved approach, the hole or depression being in the dirt roadway at the point where the dirt roadway and east side of said approach meet. That the defect consisted of the hole or depression located as aforesaid, and the precipitousness of the grade of said paved approach, and the fact that the roadway of Alabama Street on the south side of the creek and east from said intersection is narrow, both at the intersection and east on said street; and so situated in reference to the bridge that vehicles going east on Alabama Street, after crossing said bridge, must make a short turn upon said precipitous approach immediately after leaving the bridge proper, and pass over said hole

or depression. That by reason of the precipitousness of the paved approach and the hole or depression located as aforesaid, and by reason of the necessity of vehicles going east on Alabama Street making a short turn upon said approach immediately after leaving the bridge proper, that said intersection and highway was rendered dangerous and not reasonably safe for travel by horsedrawn vehicles, because they were likely in making said short turn so situated and so constructed to upset or throw persons therefrom while riding in the same."

The charge of negligence is "that the defendant city knew or should have known by the exercise of ordinary care and diligence that the street at said point was in a defective and dangerous condition, and that it rendered said street not reasonably safe to travel thereon in time to have repaired the same, by the exercise of ordinary care."

The answer is a general denial and a plea of contributory negligence. Upon the pleadings thus made the cause went to trial to a jury. Verdict was for plaintiff in the sum of $400. Motions for new trial and in arrest were ineffectual and defendant appeals.

The first charge of error is directed against plaintiff's instruction No. 1, and it is insisted the first paragraph of said instruction tells the jury that it was the duty of the city to keep its streets in a reasonably safe condition for vehicles traveling thereon. Said paragraph reads: "The court instructs the jury that it was the duty of defendant city to keep its streets in a reasonably safe condition for the use of vehicles traveling thereon, and to exercise ordinary care and supervision over the same for this. purpose; and if defendant fails to keep its streets in such condition, after it is known, or by the exercise of ordinary care and diligence might have known of the unsafe condition thereof, if you find it was unsafe in time to repair the same, then it is liable for any injuries received in consequence of such failure by any person exercising ordinary care and caution."

Defendant argues this clause places too great a burden upon the defendant in that it makes the city the insurer of the safety of persons using its thoroughfares. This clause, separated from the remainder of the instruction, clearly does not state the law and places too great a burden upon the city, as declared by defendant. The rule is that it is the duty of the city to exercise ordinary care to keep its streets in a reasonably safe condition for travel. The instruction, however, does not stop with the clause above quoted, but proceeds ''and to exercise ordinary care and supervision over the same for this purpose; and if defendant fails to keep its streets in such condition, after it is known, or by the exercise of ordinary care and diligence (it) might have known of the unsafe condition thereof. . . .''

In support of its contention, defendant relies largely upon the case of Albritton v. Kansas City, 192 Mo. App. 574, 188 S. W. 239. In that case this court held such an instruction erroneous, but it must be noted that there were no qualifying clauses in the instruction in that case. The court said, l. c. 578: ''To tell the jury in a case such as the present that without qualification 'it was the duty of the city to keep its sidewalks in a reasonably safe condition' is to say, in substance, and effect that the city, in the performance of such duty must keep its sidewalks free from all snow and ice and will be responsible for a general condition of roughness or unevenness caused by travel over uncleaned sidewalks as well as for an unusually defective local condition caused by specially obstructive and dangerous formations of snow and ice.''

Defendant's Point 1 quotes only a portion of the first sentence of the instruction. Taken as a whole, we think the instruction is not erroneous and had the second clause preceded the first, the instruction would have met defendant's objection. As they are placed we are unable to find therein anything other than that the city is required to use ordinary care to keep its streets in a

reasonably safe condition. The cases cited by defendant on this point differ from the Albritton case, as the instructions under consideration therein contained no such qualifying clauses. It is proper to observe that great care should be exercised in the writing of instructions to the end that the chance of a misunderstanding as to their actual meaning is reduced to a minimum. We hold against defendant on this point.

Another charge of error against instruction No. 1 is that the second paragraph thereof erroneously tells the jury that it was the duty of the city to exercise greater diligence and care in looking after its streets and keeping them in a reasonably safe condition for travel if such streets were much used than if they were little used. The paragraph against which this objection is directed reads:

"You are further instructed as to what length of time will be required to justify the inference of notice to the defendant of the defective condition of the street, if any, there is no fixed or definite rule, and each case must depend upon the facts and circumstances attending it; thus if the jury believes from the evidence that the intersection of Lake Avenue and Alabama Street, at the point in question, was a street much traveled and in use by vehicles, it was the duty of defendant to exercise greater diligence and care in looking after the condition of said intersection, and keeping it reasonably safe for travel than if said street was but little used."

It is said in Starkey v. City of Greenville, 189 Mo. App. 352, 359, "the standard of due care remains the same regardless of the size of the municipality, or whether when applied to a street on which there is much travel or one on which there is little; but in determining what is due care, all the facts, circumstances and surroundings must be kept in mind, and one of these circumstances is the amount of use to which the street is subjected." [Citing 6 McQuillin on Municipal Corpo-

rations, sec. 2726.]   [See, also, Donahue v. City, 259 S. W. 505; Cooper v. City, 264 S. W. 46.]

That the above is a correct statement of the law cannot be seriously refuted.  There was substantial evidence and in fact it was not disputed, that Lake Avenue at the place of the accident was one of the most traveled thoroughfares of the city, being used by persons going to Lake Contrary and to the Memorial Highway; and that the hole had been there for six months.  Under this rule, we are not warranted in holding instruction No. 1 to be erroneous in this respect.

It is also charged that instruction No. 2 is erroneous because it authorizes a recovery upon the hypothesis that the slope of the approach to the bridge and the narrowness of the street, together with the hole, are all objectionable defects.  The clause in the instruction to which defendant objects is as follows:

".  .  .  and provided you further find from the evidence that by reason of the fact that the roadway of Alabama Street, on the south side of the creek and east from said intersection, was about fourteen or fifteen feet wide, if you so find, and by reason of said descent or grade of said paved approach, if you so find, and by reason of said hole or depression, if you so find, and by reason of the necessity of vehicles going east on Alabama Street making a short turn upon said approach, immediately after leaving the bridge proper, if you so find, said highway was rendered not reasonably safe for travel by horsedrawn vehicles," etc.

Defendant concedes that the depression or hole referred to in said clause might be actionable negligence, but the objection is directed to the reference to the slope of the approach and the width of Lake Avenue.  The instruction, taken as a whole, submits the question whether the hole or depression, located where it was, rendered the street dangerous and unsafe, and then the instruction told the jury that if they found it was not reasonably safe, and further found that plaintiff, while

in the exercise of ordinary care, "was thrown to the ground *because said vehicle dropped suddenly into said depression*" and "thereby threw plaintiff off of said vehicle onto the ground and thereby injured him," etc., then they could find for plaintiff. Manifestly it was the hole or depression that was relied upon and submitted as the actionable defect. We think the width of the street and the incline of the approach to the bridge were proper elements for the consideration of the jury in determining whether the hole made the street unsafe. These elements were incorporated in the petition.

In Berry v. City, 201 Mo. App. 441, 212 S. W. 34, this court said:

"Defendant complains that this instruction is also erroneous for the reason that if the bricks were dangerously smooth when first put in, the defendant is not liable, defendant claiming that the construction of the pavement was a part of a plan of the city. We have already ruled against this contention of the defendant in connection with another point. We do not think that the instruction submits the slope as a part of the negligence of the defendant." [See, also, Nelson v. City, 170 Mo. App. 542, 547, 157 S. W. 94.]

Defendant attempts to make some point of the fact that no complaint of the surface of the approach was attempted to be made by plaintiff. We find no charge of this nature in the pleadings and this question therefore is outside the issues in this case.

Defendant also calls attention to the fact that Joe Hurd who was riding with plaintiff at the time of the injury testified that plaintiff's team was running at the time of the accident. This could only go to the question of plaintiff's contributory negligence, and as there was evidence contradictory of Hurd's statement on this point, the question was for the jury.

We fail to find reversible error of record. The judgment is affirmed. All concur.